WILLIAM MOYES, AND JESSIE MOYES, HIS WIFE *v.* ALFRED H. GRIFFITH, AND HARRIET GRIFFITH, HIS WIFE.

PRESUMPTIONS IN FAVOR OF FINDINGS AND DECISION.—The legal presumption is in favor of the correctness of the findings and decision of the Court below, and when attacked, on motion for a new trial, will be sustained on appeal, unless it be affirmatively shown that they are erroneous. When this is attempted by way of showing that certain specified facts, other than those expressly found by the Court, were proven by the evidence, it must likewise appear that such facts would require a different finding or decision from the one rendered or the specification will be held insufficient.

APPEAL from the District Court, Third Judicial District, Alameda County.

This was an action for the recovery of a small tract of land in Alameda County. The trial was by the Court without a jury and upon certain findings of fact filed; judgment passed for the defendants. Both parties deraigned title from Ignacio Peralta—the plaintiffs claiming under a deed made to them subsequently to that under which defendants deraigned title, to wit: the deed to Maria A. Toler. The main question turned upon the construction of certain calls of the last named deed, and most of the evidence introduced

was of extrinsic facts in explanation of their terms. The plaintiffs moved for a new trial, which was denied, and appealed from the judgment and the order denying a new trial.

The other facts are stated in the opinion of the Court.

*R. R. Moyes,* for Appellants.

*A. H. Griffith,* for Respondents.

By the Court, RHODES, J.:

It was found by the District Court, as we construe the findings, that the defendants were in possession of the premises in controversy at the time the plaintiffs entered thereon; and as the finding is not attacked by the plaintiffs in their motion for a new trial, no question of prior possession arises on the appeal.

If the calls of the deed of Peralta to Mrs. Toler embrace the land in controversy, the plaintiffs are not entitled to recover. The Court below found that the deed did include that land. We infer from the plaintiffs' argument that they intend to assail that finding as unsupported by the evidence. After reading the grounds of their motion for a new trial with the greatest liberality and indulgence, it is impossible to give them that construction. There is only one of the specifications that points to the insufficiency of the evidence to justify the findings, and that is as follows: "That the evidence is insufficient to justify the decision, for that the same does not adjudicate upon the issues arising under the pleadings and that is against law: 1st—In that the evidence is not conflicting, and does conclusively establish that the westerly line of the road is by the old fence." Admitting it to be true that the westerly line of the road coincided with the line of the old fence, and incorporating that fact into the findings, it will not necessarily, so far as the record shows, overthrow the fact as found, that the deed from Peralta

included the land in dispute. As every presumption is in favor of the findings and decision, the party moving for a new trial must show that the decision is erroneous; and if he shows that certain facts, not mentioned in the findings, were proven, he cannot prevail, unless it appear that such facts would require a different decision from the one rendered.

The specifications, aside from the one already mentioned, amount merely to legal propositions, and point to no error occurring at the trial, and are therefore not entitled to consideration.

Judgment and order affirmed.