[No. 8,369.  In Bank.—February 11, 1884.]

## JOSEPH E. CARNEY ET AL., RESPONDENTS, *v.* THE ARIZONA GOLD MINING COMPANY, APPELLANT.

MINING LAW—PLACER CLAIMS—FAILURE TO WORK—CONSTRUCTION OF ACT OF CONGRESS.—The provisions of the Act of Congress of May 10, 1872, requiring that "on each claim located after the 10th day of May, 1872, and until a patent has been issued therefor, not less than one hundred dollars worth of labor shall be performed or improvements made during each year," and upon a failure to perform such work, the claim shall be open to relocation in the same manner as if no location had ever been made, apply as well to the class of mining claims known as placer claims as to those known as lode or vein claims.

APPEAL from a judgment of the Superior Court of the county of Sierra.

The facts are stated in the opinion of MR. JUSTICE MYRICK, in department.

*Van Clief & Gear*, for Appellant.

*C. W. Cross*, and *S. B. Davidson*, for Respondents.

The COURT.—When this case was before Department Two of this court, it was held that that provision of the Revised Statutes of the United States requiring a certain amount of work to be performed or improvements made during each year on each mining claim located after the 10th day of May, 1872, and until a patent issues therefor, applies as well to that class of claims known as placer claims as to the class known as lode or vein claims. We are satisfied of the correctness of that construction of the statute. And that it is the view taken by the Supreme Court of the United States is evident from the recent decisions by that court in the cases entitled *Jackson* v. *Roby* and *Roby* v. *Jackson*, 109 U. S. 440, as well as from the opinion in *Smelting Co.* v. *Kemp*, 104 U. S. 636.

Judgment reversed and cause remanded, with instructions to render judgment for defendant as to the lands within its location.

Opinion of Department Two referred to in the foregoing opinion of the court in Bank.

MYRICK, J.—In December, 1876, plaintiffs and their grantors located a series of placer mining claims, which claims contained

about one hundred acres. Work was done on said claims until October, 1878, since which day the court finds "plaintiffs did no work or made any improvements on their claims, of any value whatever, for the purpose of working, prospecting, or improving their claims." The court also finds that during the absence of plaintiffs and their grantors, defendant's predecessors in interest, August 7, 1880, entered upon a portion of said lands and located by government subdivision, eighty-one and seventy-two one-hundredths acres of the mining ground previously located by plaintiff's predecessors in interest, in compliance with the laws of Congress, and proceeded to work by tunnel and shaft within their location lines, but outside of the boundaries of plaintiff's claims, and had, at the time of commencing this suit, expended six thousand dollars in such work.

The substantial question involved in this controversy is whether the laws of Congress requiring a certain amount of annual work to be done by persons claiming to hold until patent issued, apply as well to the class of claims known as *placer* claims, as to the class known as lode or vein claims. The Act of Congress of May 10, 1872 (§ 2324, U. S. Rev. Stats.), requires that "on each claim located after the 10th day of May, 1872, and until a patent has been issued therefor, not less than one hundred dollars worth of labor shall be performed or improvements made during each year"; and upon a faiure to perform such work, the claim shall be open to relocation in the same manner as if no location had ever been made, provided, that the original locators or their representatives have not resumed work before such relocation. Granting that from a close reading of the various sections of the act, from section 2319 to 2328, Revised Statutes, it might appear that the clauses of section 2324, above referred to, were intended to apply only to claims upon lodes or veins, we are of opinion that section 2329 removes any doubt, and that the performance of annual work is required as well upon the one class of claims as upon the other. In section 2329 it is declared that claims usually called *placers,* including all forms of deposit, excepting veins of quartz, or other rock, in place, shall be subject to entry and patent, *under like circumstances and conditions* and *upon similar proceedings,* as are provided for vein or lode locations. We think the effect of this

section is to declare that the circumstances and conditions under which vein or lode claims may be entered and patented, shall be likewise applicable to *placer* claims; that as a location of a vein or lode claim may be kept alive for the purpose of entry and patent only by the performance of the requisite amount of annual work, so a *placer* claim must be kept alive for the same purpose in the same manner. The Act of January 2, 1880 (21 U. S. Stats. 61), amending section 2324, Revised Statutes, is in harmony with this view, in speaking as it does, of "the vein, lode, ledge, or deposit sought to be patented."

Judgment reversed and cause remanded, with instructions to render judgment for defendant as to the lands within its location.

MORRISON, C. J., and SHARPSTEIN, J., concurred.