[No. 8,847.  In Bank.—September 17, 1884.]

PETER RUSSELL, RESPONDENT, v. L. J. BROSSEAU ET AL., APPELLANTS.

EVIDENCE—WRITTEN INSTRUMENT—HEARSAY.—A witness who cannot read or write is incompetent to testify to the contents of a lost instrument. Declarations of the contents of such instrument made to the witness are hearsay, and should not be received in evidence.

MINING CLAIMS—FAILURE TO PERFORM WORK—RELOCATION.—Under the provisions of section 2324 of the Revised Statutes of the United States, a mining claim upon which the work required by the act has not been done is open to relocation as if no location had ever been made, unless the original locators or their successors have resumed work prior to the relocation.

APPEAL from a judgment of the Superior Court of the county of Sierra, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

P. Vanclief, for Appellants.

C. W. Cross, and F. D. Soward, for Respondent.

MORRISON, C. J.—In the opening brief of appellants may be found the following correct statement of the case we are considering:—

"This action was brought under section 738 of the Code of Civil Procedure to determine the adverse claim of appellants to one undivided half of a mining claim called the 'Gray Eagle Claim,' and five eighths ($\frac{5}{8}$) of another claim called the 'Paris Mountain Claim,' adjoining the 'Gray Eagle Claim.'

"In his complaint the respondent (plaintiff in the court below) alleged that he was the owner of and in possession of said undivided parts of said mining claims, and 'that the

defendants and each of them claim an estate or interest in the *same* undivided one half of said Gray Eagle Mining Claim, owned and possessed by plaintiff as aforesaid, and also in the *same* undivided five eighths of said Paris Mountain Company's mining ground, owned and possessed by plaintiff as aforesaid,' and 'that the said claim of defendants, and each of them, is adverse to plaintiff's estate therein, and is without any right whatever, and that said defendants have no estate, right, title, or interest whatever therein.'

"By an amendment to his complaint the plaintiff alleged, in effect, that defendants were estopped from denying plaintiff's alleged title to said one half of the 'Gray Eagle Claim' by a former judgment of the same court, in which Peter Russell and others were plaintiffs, and Brosseau and Joubert were defendants, rendered June 15, 1881, said former action being of the same nature as this, to determine the adverse claim of defendants to the *same* undivided half of the Gray Eagle Claim.

"The answer for the defendants denies that plaintiff ever had any title to or possession of any portion of the mining ground described in his complaint. Admits a former judgment in favor of plaintiff for one half of the Gray Eagle Claim, rendered on the 3d day of June, 1881, but *not later*. Alleges that plaintiff lost and forfeited any right he ever had in or to said mining claim by failure to comply with the local miners' laws.

" And further alleges that defendants lawfully located and appropriated all the mining ground in dispute on the 10th day of June, 1881, the same then being unoccupied mineral land of the United States, subject to such location.

"The case was tried by the court without a jury. The findings and judgment were in favor of plaintiff, for all he demanded in his complaint.

"The defendants moved for a new trial on a statement of the case.

"The motion for a new trial was denied, and the appeal is from the order denying a new trial, and from the final judgment.

"Both parties concede that the land in dispute is public mineral land of the class known as placers.'

"Plaintiff claims solely by purchases, and does not pretend to have located any part of the land in dispute."

The first point made by appellants that we will notice is, that the court erred in overruling an objection made by defendants' counsel to a question asked plaintiff, as to what one Tom Jones told him were the contents of a certain paper posted on the Gray Eagle Claims. The notice in question was a notice of location of the claims, and was indispensable to the plaintiff's cause of action. Objection was made to the plaintiff testifying as to what said notice contained, because he had already testified that he could *neither read nor write.* On this point there was no controversy; and how a witness who could neither read nor write could testify to the contents of a written instrument, we are at a loss to understand.

It is claimed that the matter was merely a part of the *res gestæ;* but we do not so regard it. It was the *main fact* in the case, and not circumstantial to the principal fact, as the *res gestæ* always is. "It is only when the thing done is equivocal, and it is necessary to render its meaning clear, and expressive of a motive or object, that it is competent to prove declarations accompanying it, as falling within the class of *res gestæ.*" (1 Greenl. Ev. § 108, n.) The plaintiff was permitted to testify, against defendant's objection, to statements or declarations of Tom Jones, made to him (plaintiff) as to the contents of the notice, and this came clearly within the rule prohibiting hearsay evidence.

The second point, that any title plaintiff or his grantors ever had under locations made by them in 1858 and 1859 of the Gray Eagle and Paris Mountain Claims was forfeited for a failure to make the renewals required by the mining laws of the district, it is unnecessary for us to consider, as there is another point in the case which we deem fatal to the plaintiff's right to a recovery, under the evidence in the case now before us. The rule did not declare an absolute forfeiture for a failure to comply with the mining rule providing for a renewal; and in view of the decision in the case of *Bell* v. *Bed Rock T. & M. Co.* 36 Cal. 219, it is claimed in this case that the failure to comply with the rule or regulation requiring renewals semi-annually did not work a forfeiture.

But it is further claimed that there was a failure on the part of plaintiff and his grantors to comply with the provisions of

the act of Congress governing the possession and continued ownership of mining claims, and that such failure left the claims in controversy open to relocation.

By section 2324 of the Revised Statutes of the United States, it is provided as follows : " On each claim located after the tenth day of · May, eighteen hundred and seventy-two, and until a patent has issued therefor, not less than one hundred dollars' worth of labor shall be performed or improvements made during each year. On all claims located prior to the tenth day of May, eighteen hundred and seventy-two, ten dollars' worth of labor shall be performed or improvements made, by the tenth day of June, eighteen hundred and seventy-four, and each year there-after, for each one hundred feet in length along the vein, until a patent has been issued therefor. . . . . And upon a failure to comply with these conditions, the claim or mine upon which such failure occurred shall be open to relocation in the same manner as if no location of the same had ever been made ; pro-vided that the original locators, their heirs, assigns, or legal rep-resentatives, have not resumed work upon the claim after failure and before such location."

In the very recent case of *Du Prat* v. *James et al.*, 65 Cal. 555, this court had the foregoing act of Congress before it, and we concur in the views therein expressed as to its effect and operation. The work, in the act prescribed, must be done, or the claim is open to location in the same manner as if never located at all, unless work is resumed before the second location is made. The conditions imposed by the act of Con-gress are wise and salutary, and are by no means onerous. It is our duty to hold the locators of mining claims bound by them. (See *Carney* v. *Arizona Mining Co.*, 65 Cal. 40.)

In the present case it is not pretended that the act of Con-gress was complied with. Indeed the evidence fails to show that either plaintiff or his grantors did any work on the claims in controversy for years. If they ever did. make a valid location of the claims they failed to perform (so far as the evidence shows) the amount of labor required to be done annually, to protect them against subsequent location, and the court finds as a fact in the case " that the defendants Brosseau and Joubert, both citizens of the United States, on the 10th day of June, 1881,

entered upon and attempted to locate the land included in the said Gray Eagle and Paris Mountain Companies' ground for mining purposes.

"Said attempted location was made in accordance with the laws of Congress, the local laws, rules, customs, and regulations of miners governing miners' locations, in force in said Depot Hill Mining District at the time of said attempted location, and there was no defect in said attempted location of said defendants, except that the land included in said last-named claims was not at that time unoccupied and was not then subject to location, but was then, and for a long time prior thereto had been, in the possession and under the control of plaintiff."

It is not pretended, and cannot be claimed in face of the evidence in this case, that plaintiff had an actual *pedis possessio*, such as would, under any circumstances, bring him within the rule laid down by this court in the case of *Funk* v. *Sterrett*, 59 Cal. 613. The only claim or pretense of claim was that plaintiff's grantors had located the mining ground in 1858 and 1859 by marking out and establishing the boundaries thereof.

The judgment pleaded and introduced in evidence could not have any effect on the title subsequently acquired by the defendants.

On the evidence now before us, the defendants were entitled to a judgment; but there may be facts in the case which were not before the court, and under the circumstances it is proper to reverse the judgment and order, and remand the case for a new trial. It is so ordered.

McKINSTRY, J., SHARPSTEIN, J., McKEE, J., MYRICK, J., and ROSS, J., concurred.