(February 23, 1887.)

## LALANDE ET AL v. McDONALD ET AL.

[13 Pac. 347.]

NONSUIT—A FINAL JUDGMENT.—A judgment of nonsuit is a final judgment within the meaning of our code, from which an appeal will lie.

ACTION TO RECOVER REAL ESTATE—SECTION 2326 OF THE REVISED STATUTES OF THE UNITED STATES CONSTRUED.—Where an action to recover specific real property is brought pursuant to section 2326 of the Revised Statutes of the United States, and there is no evidence for the consideration of the jury, a nonsuit may be granted. (Syllabus by the court.)

APPEAL from District Court, Shoshone County.

A. E. Mayhew, W. B. Heyburn and W. W. Woods, for Appellants.

When a party enters upon land with no higher evidence of title than that which the law presumes from his possession, and distinctly marks out the extent and boundaries of his claim, his actual possession of a part within these boundaries gives him constructive possession of the whole. (2 Estee's Pleading and Practice, sec. 2172; *Plume v. Seward,* 4 Cal. 94, 60 Am. Dec. 599, and note.) Mining ground acquired by entry, under a claim for mining purposes, the bounds being distinctly defined, accompanied by actual occupancy of a part of the tract, is sufficient possession to maintain ejectment for the entire claim, although the acts of appropriation were not according to any mining rule. (2 Estee's Pleading and Practice, sec. 2257; *Table Mountain Tunnel Co. v. Stranahan,* 20 Cal. 198.) Work done outside, in immediate proximity to the claim, is a sufficient possession. (2 Estee's Pleading and Practice, sec. 2257; *McGarrity v. Byington,* 12 Cal. 426; *English v. Johnson,* 17 Cal. 107, 76 Am. Dec. 574.) If the possession is constructive, the extent of the claim or boundaries should be in some manner indicated or defined. (*Plume v. Seward,* 4 Cal. 94, 60 Am. Dec. 599, and note; *Garrison v. Sampson,* 15 Cal. 93; *Borel v. Rollins,* 30 Cal. 408; *Huey v. Smith,* 3 Pa. St. 353; *Ellicott v. Pearl,* 10 Pet. 412.) Plaintiff in ejectment need not, in his complaint or in the proofs in support thereof, negative the allegations of defendant's answer, or disprove his title. The defendant must show his right affirmatively on his defense. (*Mining Co. v. Marsano,* 10 Nev. 379; *Golden Fleece etc. Min. Co. v. Cable Consolidated etc. Min. Co.,* 12 Nev. 320.) The entries of the defendants for the purpose of making survey for a patent or for planting the post were in themselves sufficient acts of ouster to maintain ejectment. (*Sears v. Taylor,* 5 Morr. Min. Rep. 318.) When neither party establishes title to the ground in controversy, judgment cannot be for either party, and suit must be dismissed. (*Mining Co. v. Brown,* 21 Fed. 167; *Jackson v. Roby,* 109 U. S. 440, 3 Sup. Ct. Rep. 301.)

F. Ganahl, G. W. Stapleton and Albert Allen, for Respondents.

No appeal lies from a judgment of nonsuit. (Civ. Code, secs. 354, 355; *Kimple v. Conway,* 69 Cal. 71, 10 Pac. 189.) Such judgment is not on merits, and is not final. (*Gates v. McLean* (Cal.), 9 Pac. 938; *Clapp v. Thomas,* 5 Allen, 158; *Merritt v. Campbell,* 47 Cal. 545.) The answer of defendants denies the ouster of plaintiff, and therefore if plaintiff failed to prove such ouster, a nonsuit was proper. (*Association v. Willard,* 48 Cal. 614; *Miller v. Chandler,* 59 Cal. 540; *Shaeffer v. Matzen,* 59 Cal. 625; *Pope v. Dalton,* 31 Cal. 218; *Brown v. Brackett,* 45 Cal. 167.) Possession of a mining claim depends upon location thereof, and not location from possession. (*Belk v. Meagher,* 104 U. S. 287, 288; *Hauswirth v. Butcher,* 4 Mont. 307, 1 Pac. 714; *McKinstry v. Clark,* 4 Mont. 370, 1 Pac. 759.) A defendant in ejectment who claims title to a large tract of land, including a smaller tract, for which plaintiff sues, and to which he shows title, cannot establish an adverse possession of the land of plaintiff by proving actual possession of a portion of a larger tract not extending to any of the land claimed by the plaintiff. (*Kimball v. Stormer,* 65 Cal. 116, 3 Pac. 408.) One in actual possession of real estate cannot maintain ejectment against a person not in possession. (*Carmichael v. Argard,* 52 Wis. 508, 9 N. W. 470.)

HAYS, C. J.—This action was commenced pursuant to the provisions of section 2326 of the Revised Statutes of the United States and the act of March 3, 1881, amendatory thereof, to recover the possession of specific real property. The plaintiffs allege in the complaint, among other things: "1. That they were citizens of the United States," which was admitted by the defendants. "2. That the plaintiffs now are, and ever since the sixteenth day of August, 1884, have been, through their grantors and predecessors in interest, the owners and entitled to the possession of that certain tract or parcel of mining ground known and called the 'Lalande claim,' and [describing the same] containing an area of thirteen and eighteen hundredths acres." This the defendants deny. "3. That on the sixth day of November, 1875, the said Scott McDonald and George P. Cater have made an application in the United States land office at Lewiston, Idaho, for a United States patent for

a certain mining claim called the 'Poorman lode and mining claim,' and have caused a survey of the same to be made, upon which said application for a patent is based, and which said survey overlaps a portion of the land above described as belonging to the plaintiffs herein, and which portion, so covered by said survey and application for patent, is described by metes and bounds as follows, to wit [the premises are here described, containing an area of six and forty one-hundredths acres of land]." The defendants admit the making of the application for patent for the mining claim called the "Poorman lode and mining claim," and the survey thereof, and that it includes the aforesaid land described in subdivision 3 of the complaint, but deny that the same, or any part thereof, belongs to the plaintiffs, or either of them. "4. That on the sixth day of November, 1885, the said Scott McDonald and George P. Cater, by the order of the register of the land office, caused notice of their said application to be published, notifying all persons claiming adversely any portion of the mining ground covered by the Poorman lode mining claim, as surveyed, to file their adverse claim," etc.; that the plaintiffs filed their adverse claim to the tract of mining ground hereinbefore described; that said claim was duly allowed; and this action is brought in support of this claim. This, not being denied by the answer, stands admitted. "5. That, while the plaintiffs were such owners of the aforesaid demanded premises, seised, possessed, and entitled to the possession of the same, the said defendants afterward, to wit, on or about the sixth day of November, 1885, and before the commencement of this suit, and without right or title, entered into possession of the said hereinbefore described tract of mineral land, mining claim, and location, the demanded premises, and ousted and ejected plaintiffs therefrom, and ever since said day and now, unlawfully withhold possession thereof from the plaintiffs, to their damage," etc. This the defendants deny.

The case being brought to hearing, a jury was called to try the issue. Various questions propounded by plaintiffs were excluded by the court, which ruling is now assigned as error. When the plaintiffs rested, upon motion of defendants the court ordered a nonsuit, and judgment of nonsuit and for costs was duly entered against the appellants; from which an appeal is

brought to this court. The respondents ask to have the appeal dismissed, on the ground that no appeal lies from a judgment of nonsuit.

Section 1869 of the Revised Statutes of the United States provides for the appellate jurisdiction of this court pursuant to such statute. Section 642 of our Code of Civil Procedure was enacted, which provides that "an appeal may be taken to the supreme court from a district court (1) from a final judgment in any action or special proceeding." The term "final judgment" has been variously defined. One definition is: "A judgment which puts an end to the action, by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for." (3 Blackstone's Commentaries, 398.) Again, it has been defined to be "a judgment which determines a particular cause, and terminates all litigation on the same right." (1 Kent's Commentaries, 316.) A third definition is given to be "a judgment which cannot be appealed from, but is perfectly conclusive as to the matter adjudicated upon." (*Snell v. Manufacturing Co.,* 24 Pick. 300; *Foster v. Neilson,* 2 Pet. 294; *Forgay v. Conrad,* 6 How. 201.)

In what sense, then, did the legislature use this term? By the common law in England a writ of error would lie from a judgment of nonsuit in the *nisi prius* courts to the king's bench, where costs were taxed in favor of defendant, and judgment entered thereon against the plaintiff. (3 Bacon's Abridgment, 325.) In this country the general rule seems to be that, in determining the question whether or not a judgment is final, within the meaning of the various statutes in relation to appeals, matters of form are to be disregarded, and matters of substance alone considered, and that the judgment is "final" if it disposes of the action or proceeding in which it was made, so far as the court which made it is concerned, without reference to the question whether the claims of the parties may not be litigated in some other action or proceeding. (*Weston v. City of Charleston,* 2 Pet. 449; *Yates v. People,* 6 Johns. 339; *Clason v. Sholwell,* 12 Johns. 31; *Belt v. Davis,* 1 Cal. 135.) With this rule before them, our code was adopted. True, under a statute similar to our own the supreme court of Montana seems to hold that an appeal would not lie from a judgment of non-

suit. (*Kleinschmidt v. McAndrews,* 4 Mont. 8, 5 Pac. 281.) But the case, being appealed, was considered by the supreme court of the United States, and the decision of the lower courts was reversed, thus disposing of that case and this question. (117 U. S. 282, 6 Sup. Ct. Rep. 761.) We must therefore conclude that the legislature intended by this enactment to allow appeals from all judgments which finally determine the particular suit without reference to the question whether or not it determines the final rights of the parties to the subject matter of litigation. A judgment of nonsuit being a final judgment within the meaning of our code, the motion to dismiss the appeal must be denied.

It will be observed by the pleadings heretofore referred to that the claims of appellants and respondents overlap each other to the extent of six and forty one-hundredths acres; that each party has grounds outside of the area in dispute. Upon the trial of the cause various questions were propounded by the plaintiffs tending to show work done upon the Poorman grounds by defendants, but outside of the area in dispute, for the alleged purpose of establishing possession in the defendants, and thus tending to prove ouster of plaintiffs. The court, under objection, excluded such testimony unless the plaintiffs first showed that the defendants have made or attempted to make a legal location of the entire claim. As a general rule, evidence should be competent in the order in which it is offered; yet from necessity it must be left to the discretion of the court which tries the case whether evidence will be admitted out of its proper order or not, and, except in cases of manifest abuse of discretion, the supreme court will not interfere with the ruling of the court below in that respect. A party claiming mining lands through possession alone only holds so much as he is in actual possession of, while if he seeks to hold through location, he must show more than mere possession; he must show a valid location upon which such possession is based. A location is not made by taking possession alone, but by working on the ground, recording and doing whatever else is required for that purpose by the act of Congress and the local laws and regulations. (*Belk v. Meagher,* 104 U. S. 279.) If a proper location had been shown, and possession under it to a part of the claim,

this might have been proper evidence to go to the jury, as tending to prove the issue. True, the plaintiffs might perhaps have been able to bring evidence later, tending to show that the defendants held the Poorman claim through location, but the court below gave them notice that they must introduce such testimony in advance of that which it rejected, and intimated if they did so it would then be competent. This the plaintiffs refused to do, and we think the testimony was rightly rejected; for, standing alone, it did not tend to prove the issue, and it was not competent in the order offered.

The judgment shows the motion for nonsuit to have been based upon the following grounds: "1. Upon the ground that the plaintiffs have failed to prove that the defendants, or either of them, at the time of the commencement of this action, or at any time since, have been or now are in the possession of the premises in controversy herein, or any part thereof; 2. That the plaintiffs have failed to prove that defendants, or either of them, at the time of the commencement of this action, or at any other time, or at all, have withheld the possession of the ground in controversy, or any part thereof, from the plaintiffs; 3. That the plaintiffs have shown by their evidence that the plaintiffs were at the time of the commencement of this action, and ever since have been and now are, in possession of the premises in controversy herein; 4. That the plaintiffs have failed to show that the location of the Lalande claim was made upon vacant and unoccupied public land." The record fails to show upon which ground the nonsuit was granted. Applying the rules, then, that the party alleging error must make it affirmatively appear, and that the presumptions are in favor of the correctness of the rulings and judgment, we are unable to see how the judgment of nonsuit can be reversed; for, if granted upon the fourth ground, that the plaintiffs had failed to show that the location of the Lalande claim was made upon vacant and unoccupied public land, we find no evidence in the transcript upon this point. If such testimony was given in the court below, it has not been brought here for our examination. We must therefore presume that none was given, and such being the case, the court below properly granted the nonsuit. In *Jackson v. Roby*, 109 U. S. 441, 3 Sup. Ct. Rep. 301, it was

held in substance that, where neither party showed a compliance with the requirements of law in regard to work done upon a claim like the one at bar, the findings should be against both.

The right of possession is the question to be determined in this suit; and in full accord with the principles enunciated above is *Gwillim v. Donnellan,* 115 U. S. 45, 5 Sup. Ct. Rep. 110; wherein the court says: "A valid and subsisting location of mineral lands, made and kept in accordance with the provisions of the statute of the United States, has the effect of a grant by the United States for the right of present and exclusive possession of the lands located. If, when one enters upon lands to make a location there is another location in full force, which entitles its owner to the exclusive possession of the land, the first location operates as a bar to the second. . . . . To entitle the plaintiff to recover in this suit, therefore, it was incumbent on him to show that he was the owner of a valid and subsisting location of the lands in dispute superior in right to that of the defendants. His location must be one that entitles him to possession as against the United States, as well as against another claimant. If it is not valid against the one, it is not as against the other. The location is the plaintiff's title. If good, he can recover; if bad, he must be defeated."

Applying this principle to the case at bar, if the plaintiffs have failed to show a valid location, they cannot recover, and they have no longer any standing in court, unless, perhaps, to try and defeat the defendants' claim so as to prevent the defendants from recovering costs against them as provided in the act of March 3, 1881, which provides that where the title to the ground in controversy shall not be established by either party, no costs shall be allowed.

It follows, we think, that the nonsuit was properly granted, but it should have been without costs. The judgment of the court below is therefore modified so as to read that it is ordered and adjudged that the plaintiffs take nothing by this action, and this action be, and the same is hereby, dismissed, without costs to either party. This judgment of nonsuit, as modified, is affirmed.

Buck and Broderick, JJ., concurring.