73  520
83  301

[No. 11916.  Department Two. — September 29, 1887.]

## CHARLES F. MORGAN ET AL., RESPONDENTS, *v.* H. J. TILLOTTSON ET AL., APPELLANTS.

EJECTMENT — PLEADINGS — DENIAL OF OWNERSHIP AND RIGHT OF POSSESSION. — In an action of ejectment, where the answer denies the averments of the complaint with respect to the plaintiff's ownership and right of possession, further allegations therein with respect to the ownership of the grantors of the plaintiff are immaterial, and need not be denied.

PLACER MINING CLAIM — ANNUAL WORK — FAILURE TO PERFORM — RELOCATION. — The failure of a locator of a placer mining claim to perform the annual amount of work thereon required by section 2324 of the United States Revised Statutes renders the claim subject to relocation.

APPEAL from a judgment of the Superior Court of Placer County, and from an order refusing a new trial.

The action was brought to recover the possession of a certain placer mining claim. In 1855, the predecessors in interest of the plaintiffs located the claim in controversy, and from that year up to the 31st of December, 1883, continued in the possession thereof, working and developing the same. Previous to the commencement of this action, the plaintiffs succeeded by mesne conveyances to the rights of the original locators. In the year 1884, the plaintiffs and their grantors only expended the sum of twenty-six dollars in labor and improvements on

the claim.   On the 11th of January, 1885, the defend-
ants relocated a portion of the claim, as described in
their answer, under the provisions of the United States
Revised Statutes, and during that year expended more
than two hundred dollars thereon.   The labor and im-
provements upon the portion of the ground relocated by
the defendants were commenced by them on the four-
teenth day of January, 1885, and on the 28th of the
same month the plaintiffs attempted to resume work
thereon, but were prevented by the defendants.   The
present action was thereupon brought.   The further
facts are stated in the opinion of the court.

*C. A. & F. P. Tuttle*, for Appellants.

*Hale & Craig*, for Respondents.

THORNTON, J. — Action of ejectment to recover mining
ground constituting a placer claim.

The question of title was put in issue by the answers.
The material averment of plaintiffs' ownership and title
to the possession was denied.   The averment in the
complaint in relation to the ownership of plaintiffs'
grantors and predecessors in interest was entirely imma-
terial, and need not have been denied.   (*Coryell* v. *Cain*,
16 Cal. 567.)

The question whether the provision of the Revised
Statutes of the United States (sec. 2324), which requires
an annual expenditure of a certain amount for labor
and materials on each mining claim until the patent is
issued, a failure to comply with which provision renders
the claim subject to relocation, we regard as settled in
the affirmative by the case of *Russell* v. *Brosseau*, 65 Cal.
605, in this court, and *Jackson* v. *Roby*, 109 U. S. 440, in
the Supreme Court of the United States.

These cases show clearly that judgment should have
been rendered for defendants on the evidence, the whole
of which was comprised in an agreed statement of facts.

Under such circumstances, we consider it unnecessary and unjust to put the defendants to the toil and expense of a new trial.

The judgment and order are therefore reversed, and the cause remanded to the court below, with directions to enter judgment for defendants for the land in controversy.

Ordered accordingly.

SHARPSTEIN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.