[No. 12665. In Bank. — March 1, 1890.]

BASCON ANTHONY ET AL., APPELLANTS, v. EM-
METT JILLSON ET AL., RESPONDENTS.

RIGHT TO ACQUIRE PUBLIC MINERAL LAND — CITIZENSHIP. — One who is not a citizen of the United States, and has not declared his intention to become such, cannot make a valid location of public mineral land. So held of one who filed his declaration of intention the day after he attempted to make his location.

RECORDING NOTICE OF LOCATION. — Recording a notice of location is not required by the statute, and when not required by local laws, is unnecessary, and useless if made.

MARKING BOUNDARIES. — The failure to mark the boundaries of the location is fatal to its validity; and the defect is not cured by the fact that the notice of location gives the section numbers constituting the claim. White v. Lee, 78 Cal. 593, followed.

SPECIFICATIONS OF THE INSUFFICIENCY OF EVIDENCE — DESIGNATION OF FINDING BY NUMBER. — If a finding contains several specific statements of fact, it is not sufficient for the specification to refer to the finding by its number, and state that it is not supported by the evidence. Each specific statement of fact should be specified as not supported by the evidence.

ID. — CONCLUSIONS OF LAW. — A specification which attacks mere conclusions of law is not sufficient.

ACTION TO DETERMINE RIGHT TO PATENT — WHAT EACH PARTY MUST SHOW. — In an action under section 2326 of the United States Revised Statutes to determine the right to a patent to mineral land, each party is an actor, and each must establish his claim against the government, as well as against his adversary.

ID. — PLEADING. — Each party in such an action must allege, in his pleading, all the facts which are essential to the validity of his claim; as, for example, the citizenship of the locators, the steps necessary to constitute and maintain the location, etc.

POSSESSION OF MINERAL LAND — RIGHTS ACQUIRED BY — CITIZENSHIP — PLEADING. — Section 2332 of the United States Revised Statutes, in relation to rights acquired by possession of mineral land, provides an additional mode of acquisition of such land, but does not enlarge the class who can acquire, and consequently the citizenship of the possessor must be alleged and proved.

APPEAL from a judgment of the Superior Court of Calaveras County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Reddick & Solinsky, P. Reddy*, and *W. K. Boucher*, for Appellants.

*Ira Hill Reed*, and *J. Warren Reed*, for Respondents.

HAYNE, C.—This was an action to determine the right to a patent to certain placer-mining ground. The defendants applied for a patent to a tract called the Rough Diamond mine. The plaintiffs claimed a tract of thirty acres, which overlapped a corner of the defendants' claim to the extent of 7.44 acres. This latter piece is the one in controversy. An adverse claim was filed by the plaintiffs; and thereupon such proceedings were had that the present action was brought under section 2326 of the Revised Statutes to determine the validity of the respective claims. The trial court gave judgment for the defendants, and the plaintiffs appeal.

1. The plaintiffs' mine is made up of two claims,— one of twenty acres, alleged to have been located by Severino Gobbi in 1878, and the other of ten acres, alleged to have been located by the plaintiff Frank Anthony in 1885.

In relation to the Gobbi claim, the court found as follows: "That on December 6, 1878, one Severino Gobbi, a foreigner, sought to locate a placer-mining claim by posting on the premises a notice claiming in his own name twenty acres of ground situated in Chili Gulch

mining district, in said county and state, said notice containing no description of boundaries other than giving the legal subdivision thereof, viz., being the north half of northwest quarter of northeast quarter of section 25, township 5 north, range 11 east, Mount Diablo meridian; that on the next day thereafter, viz., December 7, 1878, he declared his intention of citizenship, and caused a copy of his notice of location to be recorded in the county mining records of said Calaveras County; but whether such notice was recorded before or after making such declaration of intention does not appear."

The evidence justifies this finding. It shows that Gobbi did not file his declaration of intention to become a citizen until the day after he posted his notice of location; and it does not show that he did anything else after his declaration of intention, except, perhaps, to record his notice of location. The appellants assert in their specification that "there were no local rules or laws in force," and their counsel maintain in their brief that there were none. Certainly, there is no evidence of any local rules of any particular tenor; none requiring notices to be recorded, for example. Therefore, recording the notice was not required (*Thompson* v. *Spray*, 72 Cal. 533; *Souter* v. *Maguire*, 78 Cal. 544); and not being required, it was useless. Leaving the record out of consideration, we see nothing that Gobbi did to effect a location except the posting of his notice; and at the time he posted his notice he was not a citizen, and had not declared his intention to become such. Under these circumstances, we do not think he acquired any right. (Rev. Stats., sec. 2319; *Lee Doon* v. *Tesh*, 68 Cal. 43.)

There is another reason why he acquired no right. The court finds: "That said Gobbi did not mark out on the ground the boundaries of such attempted location, nor did he set any stakes or marks defining the limits of said claim."

There is no specification attacking this finding. And

if there had been, we see no evidence against it. The failure to mark the boundaries is fatal to the validity of the claim. (*White* v. *Lee*, 78 Cal. 593.)

In relation to the claim alleged to have been located by the plaintiff Frank Anthony, the court finds that he "did not mark out upon the ground the limits of such claim by either stakes or monuments defining his boundaries." The only specification attacking this is as follows: "Finding 4 is contrary to the evidence in this, to wit, that the evidence shows that plaintiff Frank Anthony, in locating the ground therein described, fully complied with the laws and statutes of the United States with reference to the location of placer-mining claims, and that there were no local rules or laws in force."

The finding designated as "4" contained three specific statements of fact; and this being the case, the mere designation of it by number, as not sustained by the evidence, was not sufficient as a specification. (*Eddelbuttel* v. *Durrell*, 55 Cal. 278, 279; *Parker* v. *Reay*, 76 Cal. 105.) And the clause that the evidence showed that the locator had "fully complied with the laws and statutes of the United States with reference to the location of placer-mining claims" amounted merely to a legal proposition, and did not point to any finding of fact. (*Moyes* v. *Griffith*, 35 Cal. 556; *Coveny* v. *Hale*, 49 Cal. 552; *Thorne* v. *Hammond*, 46 Cal. 534; *Doherty* v. *Enterprise Mining Co.*, 50 Cal. 187.)

But if it be assumed in favor of the appellants that the specification is sufficient, the result would be the same, because the evidence does not show that the locator marked any boundaries upon the ground.

Neither of the plaintiff's locations, therefore, were of any validity.

2. Did the defendants show any right to a patent to the piece in controversy?

In this regard it is to be remembered that each party is to establish his right against the government as well

as against his adversary. As was said concerning the plaintiff in *Gwillim* v. *Donnellan*, 115 U. S. 50: "His location must be one which entitles him to possession against the United States as well as against the other claimant." And if it appears that neither had acquired a right, judgment should be given against both. (*Jackson* v. *Roby*, 109 U. S. 441.) And we think that the pleading of each should set forth the facts upon which he relies. This is the rule in reference to the pleadings in actions to determine the right to purchase other kinds of public lands. In *Woods* v. *Sawtelle*, 46 Cal. 389, Rhodes, J., delivering the opinion, said: "The action is brought to determine which of the parties has the better right to make the purchase, and it becomes necessary for each party to state directly all the facts upon which he relies to show that his is the better right." So in *Cadierque* v. *Duran*, 49 Cal. 358, the same learned justice, speaking for the court, said: "Each must state in his pleadings all the facts upon which he relies as showing his right to become a purchaser, and the steps he has taken to avail himself of and secure his right to make the purchase." The rule applies to the answer as well as to the complaint. (*Christman* v. *Brainard*, 51 Cal. 536; *Ramsey* v. *Flournoy*, 58 Cal. 260; *Dillon* v. *Saloude*, 68 Cal. 269; *Gilson* v. *Robinson*, 68 Cal. 543; *Garfield* v. *Wilson*, 74 Cal. 177, 178.) And we think that it applies to actions to determine contests concerning the right to patents to mining land. Upon this theory, it was held in *Lee Doon* v. *Tesh*, 68 Cal. 43, that the complaint in such an action must allege that the plaintiff was a citizen. And as a matter of course, where the party claims under a location made by another, he must show that the location was properly made by a qualified person.

The defendants' answer in this case fails to show any right in them to a patent to the tract in controversy. They claim under two locations, one known as the Green & Guy claim, and the other known as the A. K. Smith

& Co. claim.    The answer does not mention either, and
does not show that either Green or Guy, or any one from
whom they may have purchased, or Smith, was a citizen
of the United States.    There is nothing definite averred
concerning either of the locations, unless what appears
at folio 41 be considered such.    The requirement that a
certain amount of work be done each year is imperative.
(*Morgan* v. *Tillottson*, 73 Cal. 520; *Jackson* v. *Roby*, 109
U. S. 440; *Chambers* v. *Harrington*, 111 U. S. 353.)    But
beyond a general statement that a great deal of valuable
work was done, nothing is averred.

The evidence in relation to the claims is meager and
unsatisfactory; but it is unnecessary to examine it in
detail, because the matters above referred to are suffi-
cient to dispose of the appeal.    It is sufficient to say that
in our opinion there are several particulars in which it
clearly fails to make out a case of right in the defendants
against the United States.    In fact, hardly anything that
was required is shown to have been done.

The defendants contend, however, that they were in
possession of the ground for a sufficient time to entitle
them to a patent without reference to any location.    And
they rely upon the following provisions of the Revised
Statutes:—

"Sec. 2332.    Where such person or his grantor has
held and worked a claim for the period equal to the time
prescribed by the statute of limitations for mining claims
of the state, evidence of such possession and working of
the claim for such period shall be held sufficient to es-
tablish a right to a patent thereto under this chapter."

The appellants contend that the evidence does not
show that the defendants or their predecessors were in
possession of the property for the period prescribed by
the above provision; and the respondents reply that
possession is found, and that there is no specification
attacking the finding.    But we do not think that there
is any finding of possession of the tract in controversy.
The finding is, that for five years prior to 1877, Green

and Guy had been in possession and working a "hill claim of 1,080 feet in length on the channel under Tunnel Ridge, between Chili Gulch on the west and Old Woman's Gulch on the east," and that transfers of the possession were made through various persons to the defendants. Now, aside from any other objection, there is nothing to show that the "1,080 feet in length" was a part of the 7.44 acres in controversy. It is found that it was a part of the 36 acres surveyed for the defendants on their application for a patent. But that might well be so, and yet it not be a part of the smaller piece in controversy. There is nothing in the pleadings or the findings which throws light on this subject. If this piece of 1,080 feet be in fact a part of the tract in controversy, the record should make the fact appear.

Similar observations apply to the A. K. Smith & Co. claim of six hundred feet.

But if the possession were otherwise sufficient, the showing would still be defective, because it is not pleaded or found that the persons whose possession is relied on were citizens of the United States, or had declared their intention to become such. That class is the only one that can acquire mineral land from the government. (Rev. Stats., sec. 2319; *Lee Doon* v. *Tesh*, 68 Cal. 43.) The section above quoted provides an additional mode of acquisition, but does not enlarge the class who can acquire.

Upon the record before us, we think that none of the parties showed a right to a patent for the tract in controversy. And we therefore advise that the judgment and order appealed from be reversed, and the cause remanded for a new trial.

BELCHER, C. C., and VANCLIEF, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the cause remanded for a new trial, with leave to the parties to amend their pleadings if so advised.