(February 10, 1893.)

## CRONIN v. BEAR CREEK GOLD MINING COMPANY.

### [32 Pac. 204.]

PLEADINGS—MINING RIGHT—ADVERSE CLAIM.—A complaint in an action under the Revised Statutes of the United States, section 2326, to contest an application for a patent for mining land, must show that the plaintiff has filed his adverse claim within the prescribed period of section 2325, and brought his action within the time thereafter allowed by section 2326.

SAME—DESCRIPTION OF PROPERTY.—It must also contain such a description of the property as will enable the court to determine to what extent, if at all, the claim of plaintiff is covered by the claim of defendant upon which patent is applied for.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

Wyman & Wyman, for Appellants.

We believe that there can be no doubt that a defect of an allegation in a complaint will be cured by its statement in the answer. *Schenck v. Hartford Fire Ins. Co.,* 71 Cal. 28, 11 Pac. 807; *Hegard v. California Fire Ins. Co.* (Cal.), 11 Pac. 594; *Allen v. Chouteau,* 102 Mo. 309, 14 S. W. 869; *Henry v. Sneed,* 99 Mo. 407, 17 Am. St. Rep. 580, 13 S. W. 665.) The bringing of a suit on an adverse claim is but the continuation of a proceeding already initiated in the land office. (*Wolverton v. Nichols,* 119 U. S. 489, 7 Sup. Ct. Rep. 289.) If the description is faulty or is lacking, there is still some description; and if it is defective it should be left to the jury under the instruction of the court as to what makes a sufficient description and reference. (*Flavin v. Mattingly,* 8 Mont. 242, 19 Pac. 384; *Garfield Min. Co. v. Hammer,* 6 Mont. 53, 8 Pac. 153; *Russell v. Chumasero,* 4 Mont. 309, 1 Pac. 713; *O'Donnell v. Glenn,* 8 Mont. 248, 19 Pac. 302.) The decisions in actions of this nature all show that in adverse suits the court must proceed to hear the defendant's proofs and render judgment determining which, if either, of the parties are entitled to patent, or if neither is, so determine. (*Manning v. Streh-*

*low,* 11 Colo. 451, 18 Pac. 625; *Anthony v. Jillson,* 83 Cal. 296, 23 Pac. 419; *McGinnis v. Egbert,* 18 Colo. 41, 5 Pac. 652; *Rosenthall et al. v. Ives,* 2 Idaho, 265, 12 Pac. 904; *Gwillim v. Donnellan,* 115 U. S. 45, 5 Sup. Ct. Rep. 1110.)

R. Z. Johnson & Sons, for Respondent.

"In an action under section 2326 of the United States Revised Statutes to determine the right to a patent to mineral lands, each party is an actor, and each must establish his claim against the government as well as his adversary." (*Anthony v. Jillson,* 83 Cal. 296, 299, 23 Pac. 420; *Burke v. Bunker Hill etc. Min. Co.,* 46 Fed. 646, 647.) Pleading—"Each party in such an action must allege in his pleading, all the facts that are essential to the validity of his claim; as, for example, the citizenship of the locators, the steps necessary to constitute and maintain the locations, etc." (*Anthony v. Jillson,* 83 Cal. 296, 300, 23 Pac. 420.) "A complaint in an action under the Revised Statutes of the United States, section 2326, to contest an application for a patent for mining land, which fails to show that plaintiff has filed an adverse claim within the period prescribed by section 2325, and brought the action within the time thereafter allowed by section 2326, is defective." (*Mattingly v. Lewisohn,* 8 Mont. 259, 19 Pac. 310.) The plaintiff must stand or fall by the rights he has asserted in his adverse claim. (*Marshall etc. Co. v. Kirtley,* 12 Colo. 410, 21 Pac. 494.) "The sole object of the proceedings in court is the determination of the contest that arose in the land office, the point of which is, which of the applicants, if either, is entitled to receive the patent from the government." (*Doe v. Waterloo Min. Co.,* 43 Fed. 221; *Wolverton v. Nichols,* 119 U. S. 488, 489, 7 Sup. Ct. Rep. 289, Form—Moor Mng. Rights, 344.) "The government gives its lands to those citizens who may discover precious metal ores therein, upon the condition that they will define the subject of the grant with such certainty as may be necessary to prevent mistakes on the part of the government, and on the part of other citizens who may be asking the like bounty. This is reasonable and necessary to justly administer the law, and therefore it must be said

that without such description a certificate of location is void."
(*Faxon v. Barnard*, 2 McCreary, 44, 4 Fed. 704, 9 Morr. Min.
Rep. 517, 518; cited Wade's American Mining Law, p. 52,
affirmed in *Dillon v. Bayliss*, 11 Mont. 171, 27 Pac. 725.

This is an action to quiet title, or, more properly, to deter-
mine an adverse claim to mining ground.    It appears from
the notice offered in evidence that the location of what is
alleged to be the claim in controversy was made September 13,
1889, named in the notice of location the "Reeser mine."
That said location was made in the names of Pasco Veal, Jake
Reeser, James Fleming and three others.    What is termed
an "amended location" of the same claim was made January
29, 1891, by Michael Cronin and Thomas Finnegan and Jacob
Reeser.    That these plaintiffs now hold and own all rights
that may have been acquired by these locators by virtue of
said location.    The same ground substantially is claimed by
the defendant, by virtue of a location made on or about the
twentieth day of February, 1877.    The defendant claims to be
in possession, and the owner thereof, as against all persons ex-
cept the United States.    In November, 1890, the defendant
made an application for a patent in the United States land
office at Hailey, Idaho, that being the district in which the
said claim is situated.    Notice thereof was duly published for
a period of sixty days, as required by the United States stat-
utes.    That within said sixty days the plaintiffs filed in said
land office an adverse claim to the defendant's application for
patent, and, within thirty days thereafter, commenced this
suit, to determine the respective rights of the parties to such
mining claim.    The complaint is substantially one to quiet
title, and simply alleges ownership and possession of the claim,
describing it; that defendant claims an interest therein, ad-
verse to plaintiffs; that such claim is without right; and that
defendant has no right or title thereto—and prays that plain-
tiffs may be adjudged to be the owners thereof, etc.    The de-
fendant, in its answer, denies plaintiff's title, and asserts title
and possession, and right to possession by means of a prior loca-
tion; and, for second defense, sets up the statute of limitations.
Plaintiffs introduced in evidence their notice of location, which

was rejected by the court, and an exception taken. They then offered in evidence the amended notice of location, which was also rejected, and an exception taken. No further evidence on the part of the plaintiffs being offered, the defendant moved for a nonsuit on the ground of the failure of plaintiffs to prove a valid location. This motion was allowed, and an exception taken. Motion for a new trial was made and overruled, and an appeal taken to this court.

MORGAN, J. (After Stating the Facts).—An objection is made to the form of the complaint by the defendant for the reason that it contains no allegation that would indicate that the suit was brought to determine an adverse claim. There is no allegation that the claim was located by the plaintiffs or their grantors; nor is there any allegation that the defendant had made application for patent, nor that the plaintiffs had filed an adverse claim in the land office to contest the right of the defendant to such patent; nor is there any sufficient allegation defining just what land is claimed by the plaintiffs, nor how much of said land is claimed by defendant. The case of *Mattingly v. Lewisohn,* 8 Mont. 259, 19 Pac. 310, was an action of a similar character, in which the court say: "The fact of filing an adverse claim within the statutory time, and the institution of the suit within the time limited by law, must doubtless be conclusively established by proof to enable the adverse claimant to recover. If these facts are necessary in proof, are they not also necessary as allegations? Is the complaint in this case sufficient without them? We think not; and, on the familiar principle that allegations and proofs should correspond, one is futile without the other." A complaint in an action, under the Revised Statutes of the United States (section 2326), to contest an application for a patent for mining land, which fails to show that plaintiff has filed his adverse claim within the period prescribed by section 2325, and brought the action within the time thereafter allowed by section 2326, is defective. (See, also, *Anthony v. Jillson,* 83 Cal. 296, 23 Pac. 420.) In this case the court says: "We think that the pleading of both plaintiff and defendant should set forth the

facts upon which they rely. This is a rule in reference to the pleadings in actions to determine the right to purchase other public lands." In *Woods v. Sawtelle*, 46 Cal. 389, Rhodes, J., said: "When action is brought to determine which of the parties has the better right to make the purchase, it becomes necessary for each party to state directly all the facts upon which he relies to show that his is the better right." In *Cadierque v. Duran*, 49 Cal. 356, the same learned justice, speaking for the court, said: "Each party must state in his pleadings all the facts upon which he relies as showing his right to become the purchaser; all the steps he has taken to avail himself of and secure his right to make the purchase— applies to the answer as well as the complaint." In this case, however, there was no demurrer filed to the amended complaint, probably for the reason that the complaint is sufficient in an action to quiet title, and having no reference to a contest between the parties seeking to obtain a patent from the United States under sections 2325 and 2326 of the Revised Statutes of the United States.

In the bill of exceptions, which appears as a part of the record in this case, is the following stipulation:

"MICHAEL CRONIN et al.,

Plaintiffs,

vs.

THE BEAR CREEK GOLD MINING CO.,

Defendant.

"It is stipulated and agreed by and between plaintiffs and defendant that plaintiffs now have and own by mesne conveyances all the rights acquired by William Richan, A. D. Craig, Michael Cronin, Pasco Veatz, Jacob Reeser, James Fleming, by and under their notice of location of the Reeser lode, dated September 13, 1889; and the defendant now has and owns by mesne conveyances all the rights acquired by S. B. Dilley by and under his notice of location of the Duncan lode claim, dated in January, 1879; and that said plaintiffs filed in the proper land office at Hailey, in this state, an adverse claim to

the defendant's application for patent for said Duncan lode claim, within the sixty days' publication of notice of said application, which adverse claim is founded upon and sets forth said notice of September 13, 1889, as the source of plaintiffs' title. That plaintiffs' action was commenced within thirty days after the filing of said adverse claim; and that the plaintiffs are citizens of the United States; and that the above-named locators, under which plaintiffs claim, are, and S. B. Dilley is, a citizen of the United States, and were such at the time of their respective locations.

(Signed)    "R. Z. JOHNSON,<br>
"Attorney for Defendant.<br><br>
"CAHALAN & BADGER,<br>
"Attorneys for Plaintiff."

Indorsed as follows, to wit: "In the district court of Elmore county. Michael Cronin et al. v. The Bear C. M. Co. Filed November 3, 1891. A stipulation."

This stipulation, together with the pleadings in the case, shows that this is an action brought in accordance with section 2326 of the Revised Statutes of the United States, in support of the adverse claim to the mining land in question, and to determine the right to the possession thereof. To sustain such suit, it is necessary to prove that the adverse claim was filed in the land office within sixty days of the publication of the notice of application for patent, and also that said suit was brought in support of such adverse claim within thirty days of the filing of the same. If necessary to prove these facts, it is also necessary to allege them in the complaint. The complaint contains no such allegations, and is fatally defective in this respect. The complaint does not show wherein the location alleged to have been made by the defendant conflicts with that made by the plaintiffs, or whether it conflicts at all. The judgment must follow the complaint. It would be impossible to construct a judgment in this case which would determine the right of the plaintiffs to the mining claim in controversy, or which would sufficiently inform the officers in the land office that the land described in the application for patent was

owned by the plaintiffs, without going outside of the complaint, to the proofs or maps or charts, to identify the claim in such manner as to make it sufficiently certain. The complaint, therefore, is not only insufficient to permit proofs to be introduced, but is also insufficient to support a proper judgment in this case, and nonsuit was properly allowed. (*Mattingly v. Lewisohn, supra; Lalande v. McDonald,* 2 Idaho, 307, 13 Pac. 347.) Defective allegations in the complaint are sometimes cured by the answer, but the entire absence of a material allegation is not supplied by the answer. Neither does the stipulation cure defects in the complaint. The complaint being insufficient to support the judgment, it is unnecessary to go further in this case. The judgment of the court below must be affirmed, and it is so ordered. Costs awarded to defendant.

Huston C. J., and Sullivan, J., concur.