[Civil No. 972.   Filed March 23, 1907.]

[89 Pac. 510.]

THOMAS M. SMITH, Plaintiff and Appellant, v. IMPERIAL
COPPER COMPANY, a Corporation, Defendant and
Appellee.

1. MINES AND MINERALS — ADVERSE — PLEADING — COMPLAINT — SUF-
FICIENCY—REV. STATS. U. S., SEC. 2326 (U. S. COMP. STATS. 1901,
P. 1430), CONSTRUED.—The judgment in an adverse suit brought
to determine the rights of rival claimants to a mining claim,
section 2326, *supra,* must designate the part, if any, of the area in
conflict that might belong to each of the adverse claimants, and a
complaint not containing a definite description thereof sufficient to
sustain the judgment is fatally defective upon demurrer.

XI Ariz.—13

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima. John H. Campbell, Judge. Affirmed.

The facts are stated in the opinion.

Josiah Ide, and Wm. F. Cooper, for Appellant.

Ben Goodrich, for Appellee.

DOAN, J.—The appellant herein, on the fifteenth day of May, 1901, located a lode mining claim called the "Alameda," in the Silver Bell mining district, Pima county, Arizona. In April, 1904, a lode mining claim, known as the "Red Ridge," in the same mining district and county, was located and conveyed to the appellee, and on the sixth day of May, 1905, the appellee having made an application to the United States for a patent therefor, published notice of such application. On the fifth day of July, 1905, the plaintiff filed an adverse claim with the register and receiver of the United States land office, "claiming the whole of the land, or almost the whole of the land, embraced within the boundaries of the said Red Ridge mining claim, as being the same land, or almost the whole of the said land, included within the boundaries of the said Alameda mining claim. On August 1, 1905, appellant brought an action in the district court in support of said adverse claim, and in his complaint alleged that he was a citizen of the United States over the age of twenty-one years; that on the fifteenth day of May, 1901, he entered upon the unoccupied public domain and located the said Alameda mining claim, having prior to said location made a valid discovery of mineral thereon; that on the fifteenth day of May, 1901, he erected at the point of discovery on said premises a conspicuous monument of stone not less than three feet in height, in which he posted a location notice signed by him as locator, setting up said notice *in hæc verba* in the complaint; that thereafter, on the eighteenth day of October, 1901, he caused a copy of said location notice to be recorded in the office of the county recorder of said Pima county; that within ninety days from said fifteenth day of May, 1901, he sank a discovery shaft on the said claim to the depth of at least ten feet from the lowest part of the rim of the shaft, at the surface, until there was discovered in said shaft mineral in place,.

and also within said ninety days caused the boundaries of said claim to be marked or monumented on the ground, so that the boundaries thereof could be readily traced, by erecting at each corner and center end line of said claim a stone monument not less than three feet in height; that he "also caused all assessment work to be done on said Alameda mining claim for the years 1902, 1903, 1904, and 1905, respectively, as required by law, and expended, or caused to be expended, the necessary amount of money for said assessment work, as is also required by law, for each of said years"; that the defendant claims to own the Red Ridge lode mining claim, based on a pretended location thereof in 1904; that the defendant has made an application for a United States patent for the said Red Ridge lode mining claim, and "has included in its survey of said claim the whole, or almost the whole, of the said premises known as the 'Alameda mining claim' "; that "the claim of the plaintiff to the whole of said premises known as the 'Alameda mining claim' is superior in right to the claim of the defendant thereto, or to such part thereof as the defendant claims in its said survey of the said premises known as the 'Red Ridge mining claim' "; that the defendant has caused notice of his said application for patent to be published; that the first publication of said notice was made on the sixth day of May, 1905, and that within the period of said publication, to wit, on the fifth day of July, 1905, plaintiff filed an adverse claim with the register and receiver of the United States land office at Tucson, "claiming the whole of the land, or almost the whole of the land, embraced within the boundaries of said Red Ridge lode mining claim, as being the same land, or almost the whole of the said land, included within the boundaries of said Alameda mining claim; . . . that this action is brought in support of said adverse claim, and is filed within thirty days from the said fifth day of July, 1905, the date of filing the said adverse claim, and is so brought to determine the rights of the plaintiff and the defendant to the ground covered by their said mining claims." To this complaint the appellee interposed a general demurrer on the ground that the same did not "state facts sufficient to constitute a cause of action," and cited three instances: 1. "It does not show wherein the conflict between the so-called Alameda mining location and the Red Ridge mining claim consists." 2. "It shows on its face that the Alameda claim of plaintiff, as described in paragraph

2 of the complaint, is an entirely different claim from that described in plaintiff's location certificate, set out in paragraph 4 in said complaint.''   3. ''That plaintiff did not file in the county recorder's office of Pima county, that being the county in which the claim is situated, and cause to be recorded therein, a copy of his location notice within ninety days after said alleged Alameda claim was located.''   This demurrer was sustained by the district court, and thereupon the plaintiff elected to stand on his complaint and declined to amend the same, whereupon the court rendered judgment in favor of the defendant, and dismissed the plaintiff's action at his cost, from which order and judgment the plaintiff has brought an appeal to this court.

The appellant has assigned as error the order sustaining the demurrer to the complaint, and the judgment rendered in favor of the defendant and against the plaintiff. The appellant has stated, in the presentation of his argument, that the demurrer was sustained upon the sole ground that the location notice was not recorded within ninety days after the claim was located, and that the foregoing was the only ground urged against the sufficiency of the complaint. The record does not sustain the appellant's statement that this was the sole ground on which the demurrer was sustained. The demurrer was a general demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action, and as an instance wherein it failed to do so alleged, first, that it did ''not show wherein the conflict between the Alameda and the Red Ridge claim consists.''   Section 2326, Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 1430), requires that the adverse claim ''shall show the nature, boundaries and extent of such adverse claim. . . . It shall be the duty of the adverse claimant, within thirty days after filing his claim, to commence proceedings in a court of competent jurisdiction, to determine the question of the right of possession, and to prosecute the same with reasonable diligence to final judgment. . . . After such judgment shall have been rendered, the party entitled to the possession of the claim, or any portion thereof, may, without giving further notice, file a certified copy of the judgment-roll with the register of the land office, together with the certificate, . . . and the judgment-roll shall be certified by the register of the commissioner of the general land office, and a patent shall issue thereon for the claim, or such portion thereof as the ap-

plicant shall appear, from the decision of the court, to rightly possess. If it appears from the decision of the court that several parties are entitled to separate and different portions of the claim, each party may pay for his portion of the claim, with the proper fees, and file the certificate and description by the surveyor general, whereupon the register shall certify the proceedings and judgment-roll to the commissioner of the general land office, as in the preceding case, and patents shall issue to the several parties according to their respective rights.'' These provisions of the statute render it necessary that the judgment of the court should designate the part, if any, of the area in conflict that might belong to each of the adverse claimants, and require the definite description in the complaint of the area in conflict, in order to sustain such judgment. The judgment must follow the complaint. The complaint does not show to what extent the Red Ridge conflicts with the Alameda. It would be impossible to construct a judgment in this case which would determine the rights of the plaintiff and the defendant without going outside of the complaint to identify the area in conflict, and the part or parts thereof adjudged to either party. The complaint, therefore, is not only insufficient to permit proof to be introduced, but is also insufficient to support a proper judgment. The demurrer was properly sustained to the complaint on this ground. *Cronin* v. *Bear Creek G. M. Co.*, 2 Idaho, 1146, 32 Pac. 53; *Anthony* v. *Jillson*, 83 Cal. 296, 23 Pac. 419. The complaint being fatally defective, by reason of failure to describe the area in conflict, the demurrer was properly sustained.

The judgment of the lower court is therefore affirmed.

KENT, C. J., and SLOAN and NAVE, JJ., concur.