FREDERICK BILLINGS, Respondent, *v.* FRANK SANDERSON ET AL., Appellants.

PLEADING — *Ejectment — Complaint.* — The averment of the complaint as to plaintiff's title, was, that the plaintiff "is seised and possessed of, and entitled to the possession of a certain tract or parcel of land." A demurrer was filed on the ground that such an averment was uncertain, indefinite, and a mere conclusion of law, in not showing how the plaintiff became seised and possessed of the premises, and on the ground that the complaint failed to state a cause of action. *Held,* that plaintiff's title was sufficiently alleged. (*McCauley* v. *Gilmer,* 2 Mont. 204, cited.) *Held, also,* that inasmuch as the complaint alleged seisin and possession, and that while plaintiff was so seised and possessed of the premises, the defendants entered and ousted him, and also contained proper allegations as to time, venue, damage, and description, it properly set forth a cause of action.

SAME — *Equitable defense — Mutuality of contract — Tender.* — The answer set up as an equitable defense, that the defendants had entered upon the premises by mistake (the land being within the grant to the Northern Pacific Railroad Company, and not public land at the time), but that subsequently they held the same under a contract of purchase from said railroad company, by virtue of a certain circular issued by it to settlers on its lands as to how they could acquire title thereto. (The substance of the circular pleaded in the answer is contained in the opinion.) It also alleged that they had been in the open and notorious possession of the land in dispute, which was within the class of lands provided for in said circular, up to the time of this action; and that relying upon the terms of the agreement as contained in said circular, they had made extensive improvements thereon; that they were ready and willing to perform their part of the contract with said company; and that the plaintiff knew of their right at the time he bought the premises. A demurrer to the equitable defense set up in the answer, on the ground that it contained no defense, was sustained. *Held,* that the circular contained a distinct proposition to sell to *bona fide* settlers on the lands of the railroad company, but that in order to constitute the transaction a contract of purchase and sale, the defendants should have notified the company of their acceptance of its offer in writing, and in such a manner as to have bound themselves to take the land, and that their answer in not averring any such mutuality of contract was demurrable. *Held, also,* that the answer should have alleged, if such were a fact, that the plaintiff had acquired his title from said company, and also a tender of the purchase money, and that it should have sought to have held the plaintiff as a trustee of the title for themselves.

PRACTICE — *Amendments — Discretion of court.* — After the case had been called for trial, the plaintiff moved for judgment on the pleadings, on the ground of insufficient denials in the answer. Pending said motion the defendants moved for leave to amend the answer as to the denials, which was refused. Plaintiff's motion was granted. Defendants had previously been allowed to file two amended answers, and the suit had been pending in court for two years because of dilatory pleading. *Held,* that it was discretionary with the court to refuse to allow the defendants to amend; and that the refusal under the circumstances was a proper exercise of discretion.

*Appeal from the District Court, Yellowstone County.*

### STATEMENT.

The plaintiff, Frederick Billings, brought an action of eject-

ment in the District Court of Yellowstone County, against the defendants, Frank and Fred Sanderson, for the possession of certain land. The complaint was filed July 16, 1885, and summons was served August 1, 1885. On August 10, 1885, a demurrer was filed to the complaint, which was overruled at the November term of said court, on the fourth day of December, 1885, the defendants being ordered to answer within sixty days thereafter. At the September term, 1886, on September 21, 1886, a motion of the defendants to strike the complaint from the files was overruled, and an order made requiring the answer to be filed on that day. An answer, designated as an amended answer in the record, was thereupon filed, and the case was continued by consent for the term, leave being granted the plaintiff to plead to the answer within thirty days. On October 25, 1886, a demurrer was filed to the new matter set up in said answer; and at the May term, 1887, on the 25th of May, the demurrer was sustained, and the defendants were ordered to file an answer on or before the morning of May 27, 1887. On October 17th, at the October term, 1887, a motion of the defendants for leave to file an amended answer was denied by the court, for the reason that they had not filed an amended answer under the leave given them at the May term of that year.

On October 20, 1887, the case was called for trial, whereupon the plaintiff moved the court for judgment on the pleadings, on the ground that the denials contained in the answer of the defendants were insufficient. Pending this motion, and immediately after the same was made, the defendants moved for leave to amend their answer as to the denials therein. The court granted the motion of the plaintiff for judgment. Defendants appealed. The denials in the answer of the defendants were as follows: "The defendants deny: (1) That on the twenty-seventh day of August, 1883, the plaintiff was, ever since has been, and now is, seised in fee and possessed, and entitled to the possession and occupation of that certain land (the description of the same was set forth as in the complaint). (2) Deny that while plaintiff was so seised and possessed, on the twenty-seventh day of August, 1883, the defendants, without right or title, entered into possession, and ever since have held and occupied the said premises, and now unlawfully withhold the possession thereof from the

plaintiff, to his damage in the sum of one thousand dollars, or in any other sum of money.

*Andrew F. Burleigh,* for Appellants.

The complaint is defective, ambiguous, and uncertain, in this: it alleges seisin, *possession,* and right of possession in the plaintiff at *all* the times therein mentioned. Defendants sought to plead a contract with the Northern Pacific Railroad Company to convey the premises described in the complaint to them, of which plaintiff had notice, as a defense. It is apparent the defense is a good one, if properly pleaded. (*Boyd* v. *Brinckin,* 55 Cal. 427; *Southern Pacific R. R. Co.* v. *Terry,* 70 Cal. 484.) When on the trial, the denials of the answer were first attacked as insufficient by plaintiff's motion for judgment on the pleadings, and defendants requested leave to amend before the determination of the motion by the court, such leave should have been granted. And the fact that amendment would or might have prevented plaintiff's recovery upon the merits is the best reason why it should have been granted. (*Stringer* v. *Davis,* 30 Cal. 321, 322; *Fish* v. *Redington,* 31 Cal. 196; *Felch* v. *Beaudry,* 40 Cal. 445; *Lower King's River Water Ditch Co.* v. *King's River & Fresno Canal Co.* 67 Cal. 577.)

*E. N. Harwood,* for Respondent.

The complaint alleges that on a certain day, and at all times since, the plaintiff was "seised in fee and possessed, and *entitled to the possession.*" This is good pleading. (Estee's Pleadings, 3d ed. p. 105, § 2222, and cases cited; also p. 108, § 2236; *McCauley* v. *Gilmer,* 2 Mont. 202; *Sullivan* v. *Dunphy,* 4 Mont. 499, and cases cited.) The allowance or refusal to allow amendments is in the discretion of the court, and subject only to review for abuse. It is a question, then, whether the court abused its discretion in not allowing defendants another opportunity to amend. (*Cooke* v. *Spears,* 2 Cal. 409; 56 Am. Dec. 348; *Stearns* v. *Martin,* 4 Cal. 228; *Jessup* v. *King,* 4 Cal. 331; *Canfield* v. *Bates,* 13 Cal. 606; *Gillan* v. *Hutchinson,* 16 Cal. 154; *McMinn* v. *O'Connor,* 27 Cal. 239; *Page* v. *Williams,* 54 Cal. 562; *Harney* v. *Corcoran,* 60 Cal. 314; *Weisenborn* v. *Neumann,* 60 Cal. 376; *Martin* v. *Thompson,* 62 Cal. 618; 45 Am. Rep. 663.)

McCONNELL, C. J.—Action of ejectment. Demurrer to the complaint overruled, and answer filed. Demurrer to equitable defense sustained. Judgment for the plaintiff on the pleadings, and an appeal taken to this court. The appellant relies on several grounds of error for the reversal of this case. (1) Error in overruling demurrer to complaint. (2) Error in sustaining demurrer to equitable ground of defense set up in answer. (3) Error for abuse of discretion, in not allowing the denials in the answer to be amended, pending the motion for judgment on the pleadings.

1. The complaint avers that the plaintiff "is seised in fee and possessed of, and entitled to the possession and occupation of, a certain tract or parcel of land." This is demurred to, because "indefinite and uncertain in this, that it does not state how the plaintiff became seised in fee and possession of said premises, . . . . but merely alleges a conclusion of law." The decision of the court below in sustaining the sufficiency of the complaint in this respect is sustained by this court in the case of *McCauley* v. *Gilmer*, 2 Mont. 204. In this case the court says: "Upon an examination of all the authorities which have been cited by counsel, we are inclined to follow the ruling of the Supreme Court of California in *Payne* v. *Treadwell*, 16 Cal. 220. The only facts which are necessary to be alleged in a complaint of this character are that the plaintiff is seised in fee, or for life, or for years, as the case may be; that the defendant was in possession at the time of the commencement of the action; and that he withholds the possession of the same. The complaint in the case at bar contains the necessary allegations, and is therefore sufficient for the maintenance of this action." The complaint is further demurred to, because it does not state facts sufficient to constitute a cause of action. It avers seisin and possession as above stated; that while so seised and possessed, the defendants entered and ousted plaintiff, together with appropriate averments as to the time and damage and venue and description. The demurrer was properly overruled upon this ground.

2. The equitable defense set up in the answer was demurred to, upon the ground that it did not state facts sufficient to constitute a cause of action. It admits an entry by mistake, and then avers that the defendants subsequently undertook to hold as

under a contract of purchase from the Northern Pacific Railroad Company by virtue of the provisions of a circular issued by said company. The following are the substantial provisions of said circular, to wit: It gives notice of the discontinuance of the practice of sending out "printed forms of acknowledgment of applications for lands in Montana," for the reasons therein assigned. It then proceeds to inform the public that "it will make no difference to actual settlers whether they have an application on file in this office or not, as the lands will be carefully examined before they are offered for sale, and all *bona fide* settlers, who may be found occupying the lands of the company, will be given the first opportunity to purchase the same at the minimum price; *provided,* the lands are not of the character which are reserved by the terms of the resolution of the board of directors, adopted October 15, 1879, which reads as follows: ' *Resolved,* that the agricultural lands of the company west of the Missouri River to Puget Sound shall be offered for sale to the actual settlers at the government price of two dollars and a half per acre, with an addition of ten cents per acre, to be paid to the company to re-imburse it for the cost of selecting, surveying, and conveying said lands. This resolution does not apply to coal and iron lands, nor to lands required for town sites, nor in regions where water is scarce, to lands containing springs, or other natural supply, where it shall be for the interests of settlers at large that such water privileges shall not be exclusively held or controlled by any individuals, nor to lands required for the use of the company in connection with the operation of the road.' No person who has settled on the lands of the company in good faith, with intention of establishing a home there, need have any apprehension that advantage will be taken of his situation. It will be the policy of the company, as it is to its interest, to treat all such settlers in a liberal manner. As rapidly as possible after the final location of the road, the lands will be examined, and due notice given, when they will be ready for sale." The answer avers that the defendant, Frank Sanderson, entered upon the land in dispute on the ――― day of May, 1881, in good faith, believing that it was public land, for the purpose of making it his home, under the homestead laws of the United States; but that he subsequently found out that it was

within the land grant of the Northern Pacific Railroad Company; that he learned of the foregoing circular in October, 1881; that he thereafter remained in possession, under the promises of said circular, and with his co-defendant, has been in the open and notorious possession of said premises, up to the present time; that they, relying upon the terms of the agreement contained in said circular, in good faith, made extensive and valuable improvements on said land; that said land does not come within the exception contained in said circular; that defendants are now, and ever have been, ready to perform their part of said contract; that the plaintiff knew of the defendants' rights at the time of his purchase of the land in controversy. The question is, do the terms of the circular constitute a proposition for a contract with any *bona fide* settler, and do the averments of the answer show such acceptance of them as to make a contract between defendants and the Northern Pacific Railroad Company? To make it a contract, the circular must contain a distinct proposition to sell, and there must be such an unequivocal acceptance of it, that it would be reciprocally binding, and capable of specific enforcement at the instance of either party. The circular says that "it will make no difference to actual settlers whether they have an application on file in this office or not, as the lands will be carefully examined before they are offered for sale; and all *bona fide* settlers, who may be found occupying the lands of the company, will be given the first opportunity to purchase the same at the minimum price." The circular also contains a resolution passed by the company to the effect that "the agricultural lands of the company west of the Missouri River to the Puget Sound shall be offered for sale to actual settlers at the government price of two dollars and fifty cents per acre." This contains a distinct proposal to *bona fide* settlers, to give them the preference in the sale of agricultural lands of the company. But there is no averment in the answer that the defendants ever notified the company of their acceptance of the proposed sale. It is true, the company waived notice by advising the settler that an application to purchase was not necessary, and by refusing to send out printed forms for such applications. But this cannot remove the difficulty in the way of the defendants; for, without such acceptance in writing, there can be no

contract which the company can enforce against the settler. And to be binding upon the company it must be binding upon him. Where there is no acceptance in writing the settler has nothing to rely on except the good faith of the company. The cases of *Boyd* v. *Brinckin,* 55 Cal. 428, and *Southern Railroad Co.* v. *Terry,* 70 Cal. 484, are referred to, to sustain the answer of the defendants. We fully agree with the doctrine laid down in these cases; but in each of them there was an acceptance of the terms of the circular letter of the company in writing, filed with the company. In the former case, the court says: "The objection that the defendant, by his acceptance, did not bind himself to buy the land upon the terms proposed by the company, does not seem to us to be tenable. His acceptance is evidenced by his settling upon and improving the land, and by filing an application to purchase it. Both by acts and in writing did he manifest such acceptance. If that did not bind him to purchase the land, on the terms proposed by the company, we can conceive of no form of acceptance by which he could bind himself to purchase it on those terms."

From the above it will be observed that the settler in that case not only accepted the proposal by his acts, in living upon and improving the land, but in writing, filed with the company. If the agent of the company had found the defendants in possession of its lands, what was there in that circumstance alone that would have enabled the company to have treated it as a sale, and enforced a specific performance of the contract? Certainly, nothing at all. There is abundance in the circular of the company to bind it, if the defendants had done enough to bind themselves.

And, further, the defendants, in their counter-claim, proceed upon the implied theory, although they do not distinctly aver it, that the plaintiff holds under the Northern Pacific Railroad Company. If so, they should have averred it, and averred a tender of the purchase money, and tendered it in court; and should have sought to have held the plaintiff as trustee of the title for themselves, as held in the case of *Boyd* v. *Brinckin, supra.* The want of mutual obligation is fatal to defendants' answer, and the demurrer was properly sustained.

3. After the case was called for trial, a motion was made by

plaintiff for judgment on the pleadings, upon the ground that the denials in the answer of the material averments in the complaint were insufficient. The denials were admitted to be insufficient, but, pending the motion for judgment on the pleadings, the counsel for defendants moved to amend said denials, which motion was disallowed, and judgment rendered for plaintiff. Was this an abuse of the discretion of the court? We think not, under the facts as disclosed by the record. The complaint was filed July 16, 1885. Service of summons, August 1, 1885. Defendants' demurrer overruled, December 4, 1885, and leave to answer in sixty days. It seems that this answer was suppressed for some reason, as the record shows an amended answer was filed September 21, 1886, nearly a year later. This amended answer contained the alleged equitable defense which we have just had under consideration, the demurrer to which was sustained May 25, 1887, the defendants being again given leave to answer. At the October term following, the case was called for trial, and the defendants again asked for delay, that they might amend what answer they had left. And thus after two years of dilatory pleading this case was brought to a close. It seems to us that in this case "patience had ceased to be a virtue," and the court did right in refusing the proffered amendment. Let the case be affirmed, with costs.

*Judgment affirmed.*

DE WOLFE, J., and LIDDELL, J., concur.