JAMES P. MATTINGLY ET AL., RESPONDENTS, *v.*
LEONARD LEWISOHN ET AL., APPELLANTS.

MINES AND MINERAL LANDS—*Adverse claims—Pleading—Allegation of complaint.*—The complaint alleged that plaintiffs owned a three-fifths interest in a certain mining claim, and that the defendants, who were the owners only of the remaining two-fifths interest therein, had made an application for a United States patent to the claim, and denied plaintiffs' interest in the same.   It contained no averments that the plaintiffs had filed an adverse claim to the said application of defendants.   A general demurrer to the complaint was overruled. *Held*, that under sections 2325 and 2326, United States Revised Statutes, the rights of an adverse claimant are forfeited, if he fails within the time prescribed by the statutes, either to file his adverse claim in the United States land office, where an application for a patent to the mining claim is pending, or to bring a suit in the proper court to decide the same; and that it being necessary for a complaint on such an adverse claim to allege the performance of such requirements, the demurrer in this case should have been sustained.

*Appeal from the District Court, Silver Bow County.*

STATEMENT.

The plaintiffs brought this action to establish their title to an interest in a mining claim, for which the defendants had made application for a patent adversely to themselves.   The complaint as to its cause of action and prayer for relief was as follows: "That plaintiffs now are and have been, they and their grantors, for more than one year last past, the owners of, and have been for said time, and now are, on this sixth day of January, A. D. 1886, in the actual possession of the following described premises, to wit, the undivided three-fifths of that certain portion of

that certain lode mining claim, situate in Summit Valley Mining District, Silver Bow County, Montana Territory, known as the Great Eastern Lode Mining Claim, said portion being bounded as follows, namely : (Here the boundaries of the claim were set forth.) That plaintiffs claim title to an undivided three fifths of said premises in fee as against all parties but the United States ; that the said premises were located on the first day of January, A. D. 1885, by the above-named plaintiff, Charles Flagg, as a part of said Great Eastern Lode Claim ; that in making said location, the said plaintiff, Flagg, discovered a vein of quartz-bearing silver, and one well-defined wall thereto ; that he marked the boundaries of his location thereof, so that they could be readily traced as required by the act of Congress upon the subject of mining locations ; that he duly made out and executed his declaratory statement or notice of his said location of said Great Eastern Lode Claim, under oath, as required by law, and filed the same for record as required by the said laws of Congress and of Montana Territory, in such cases, in the recorder's office in and for said Silver Bow County ; that the other four plaintiffs claim from him and his grantors by virtue of proper conveyances ; that plaintiffs have performed work and made improvements upon said premises since January 1, 1885, of the value of two thousand five hundred dollars ; that all of the plaintiffs are citizens of the United States ; that the said defendants claim some title to all of said premises adverse to plaintiffs ; that defendants have no right, title, or interest in said premises, as plaintiffs are informed and believe, save and except that the said Robinson and Stapleton, above named, have a two-fifths interest therein ; that the said claim of any of said defendants to any greater amount of said premises than two fifths thereof is void and without any right ; that defendants have made application for a patent from the United States to all of said premises, and deny plaintiffs' right to any and all thereof ; that the said claim of defendants is placing a cloud upon plaintiffs' title to said premises and rendering the title of plaintiffs to the same of less value, and if defendants are permitted to proceed, will render plaintiffs' title to the same valueless. Wherefore plaintiffs ask that defendants be required to set forth the nature of their title to said premises, and that all adverse claim

of defendants thereto may be determined by a decree of this court; that by said decree it be declared and adjudged that the defendants have no estate in said premises, save and except the said Stapleton's and Robinson's title to an undivided two fifths thereof, and that the title of plaintiffs to the balance thereof is good and valid; that defendants be forever enjoined and debarred from asserting any claim whatever in and to said undivided three fifths of said premises adverse to plaintiffs, and that plaintiffs have such other and further relief as may be just in the premises."

To the complaint, after a general demurrer filed by them had been overruled, the defendants made answer, denying plaintiffs' interest in the mine, setting forth affirmatively that they claimed the same under a different location from that relied upon by the plaintiffs, and praying that title be adjudged in themselves. A replication was filed, and the case was tried before a jury. A verdict was returned as follows: —

[Title of court and cause.]

" We, the jury in the above-entitled action, find that the title to the ground in controversy has not been established by either the plaintiffs or defendants."                    (Duly signed.)

A judgment was rendered according to the said verdict, allowing no costs to either party to the action. Defendants appealed.

*W. W. Dixon*, for Appellants.

The complaint alleged that defendants had made application for a patent from the United States to all of the premises in controversy. This showed that the United States land department had acquired jurisdiction of the question of title to the claim. The complaint nowhere alleges that plaintiffs had filed any adverse claim to defendants' application for patent, or that the proceedings for patent had been stayed in the land office, or that the action was brought in pursuance of any order of the land office, or of section 2326 of the United States Revised Statutes. Under section 2325 of the United States Revised Statutes, if no adverse claim is filed within the time required by law, it is assumed that the applicant is entitled to a patent, and the court could not entertain an action to quiet title when a patent might

already have been issued. Moreover, if this was not an action brought pursuant to section 2326 of the United States Revised Statutes, what authority had the jury to find that neither party had established title to the ground in controversy? (See Act of Congress of March 3, 1881, U. S. Stats. of 1880–81, p. 505.) It nowhere appears in the pleadings or record that it was an action brought in pursuance of that section. The demurrer should have been sustained. The court should not have sustained plaintiffs' objection to the deeds offered in evidence by defendants to show title in themselves, and also erred in sustaining plaintiffs' motion to strike out the notice of location of defendants' claim offered in evidence. It is true that defendants could not and did not offer the evidence of the discoverer or locator of the claim, or of any one who saw him locate it. But the sworn statement and declaration of the locator was introduced, and while it may not be evidence in itself of all the facts stated in it, it was competent, in connection with the other evidence offered, to make out a discovery and location. Carroll testified to the discovery, the wall, the notice of location, and some of the stakes, in 1878, the same year the claim was located. Lyons testified to a vein and wall in 1880, and to seeing Fisher, the locator, working on the claim. The evidence of both these witnesses was uncontradicted. This evidence was certainly relevant and competent, and should have gone to the jury, under proper instructions as to what proof of discovery and location was required by law. The question of the admissibility of evidence is for the court, and the question of its sufficiency is for the jury. (*Bank of Metropolis* v. *Guttschlick*, 14 Peters, 19.) The evidence offered and given should have gone to the jury. (See *Van Zandt* v. *Argentine Mining Co.* 2 McCrary, 159; *Argentine M. Co.* v. *Terrible M. Co.* 122 U. S. 478.)

No brief was filed by *Knowles & Forbis* for the Respondents.

DE WOLFE, J.—The respondents in this court (the plaintiffs in the District Court) filed their complaint, in which they alleged that they were the owners of three-fifths undivided interest of the Great Eastern Lode Mining Claim, and that two of the appellants were the owners of the other two fifths of said claim. The complaint also alleges the citizenship of the plaintiffs, and

improvements of the value of two thousand five hundred dollars done upon the claim. Then follows the allegation: "That defendants have made application for a patent from the United States to all of said premises, and deny plaintiffs' right to any and all thereof; and said claim of defendants is placing a cloud upon plaintiffs' title to said premises, and rendering the title of plaintiffs to the same of less value; and if defendants are permitted to proceed, will render plaintiffs' title to the same valueless." The complaint concludes with the usual prayer for relief. To the complaint the defendants interposed a general demurrer, that the complaint does not state facts sufficient to constitute a cause of action, or to entitle plaintiffs to any relief. The court overruled the demurrer, and the first question presented by the record is the correctness of this ruling.

The complaint shows that the action is a statutory one, intended to be brought under section 2326 of the Revised Statutes of the United States; otherwise, the allegations that the defendants have filed application for patent, and if they are permitted to proceed (with the application) it will render plaintiffs' title valueless, are without force or meaning. Sections 2325 and 2326 of the Revised Statutes of the United States point out clearly the steps to be taken by an applicant for patent for mineral lands, and by an adverse claimant who resists such application. The first section limits the time for filing an adverse claim to sixty days during the period of publication, and, upon a failure to file an adverse claim within that time, declares that "it shall be assumed that the applicant is entitled to a patent upon the payment to the proper officer of five dollars per acre, and that no adverse claim exists; and that thereafter no objection from third parties to the issuance of a patent shall be heard, except it be shown that the applicant has failed to comply with the terms of this chapter." Section 2326 requires the person or persons filing an adverse claim within thirty days thereafter, to commence proceedings in a court of competent jurisdiction to determine the question of the right of possession, and a failure to do so shall be a waiver of the adverse claim. By both these sections the rights of an adverse claimant are forfeited or lost upon a failure to avail himself of the remedy given him by the statute. If he fails to file the adverse claim in the

land office within the sixty days allowed, he has no standing as an adverse claimant or contestant in the land office. If he fails to institute the suit within the thirty days allowed by law, he has no standing in court to contest the claim of another to a patent for mineral lands. The fact of filing the adverse claim within the statutory time, and the institution of the suit within the time limited by law, must doubtless be conclusively established by proof to enable the adverse claimant to recover. If these facts are necessary in proof, are they not also necessary as allegations? and is a complaint of this kind sufficient without them? We think not; and on the familiar principle that allegations and proofs should correspond, and one is futile without the other. We therefore think that the District Court erred in overruling the demurrer to the complaint; and, for this reason, that the case should be remanded to the District Court, with instructions to sustain the demurrer.

We are confirmed in this view for the additional reason that a contrary practice to the one here laid down would or might lead to a conflict of action between the officers of the land department and the courts, in suits of this character. The law makes it the duty of the agents of the land department to stay proceedings, on an application for a mineral patent, only when an adverse claim is filed within sixty days of the publication of notice of application for patent; and when this is not done, the agents of that department would doubtless consider it their duty to issue a patent to the applicant. This might be done while an action for the same premises between different claimants was pending and undetermined in court.

The record and brief of appellants (the only brief on file) suggest other errors, on overruling and striking out evidence offered by the plaintiff on the trial, but a majority of the court think it unnecessary to consider them, as all concur in the opinion that the cause must be reversed for overruling the demurrer to the complaint. Cause reversed and remanded.

*Judgment reversed.*

BACH, J., and LIDDELL, J., concur.