McKAY, Appellant, v. McDOUGAL, Respondent.

[Submitted April 2, 1897.   Decided April 26, 1897.]

*Action in Trespass—Mining Claim—Complaint—Pleading Separate Causes of Action.*

In an action in the nature of trespass to try title to a mining claim, it is not necessary for plaintiff to deraign title; a cause of action is stated when the complaint alleges ownership of the plaintiff and ouster.

Same—A different rule prevails in action brought, after filing of an adverse claim, to determine the right of the litigants to a United States patent to the mining claim in dispute.

Pleading—*Separate Causes of Action.*—The court suggests the proper practice for pleading separate causes of action in the same complaint.

Appeal from District Court, Madison County.   Frank Showers, Judge.

Action by Alexander McKay against William J. McDougal. From a judgment for defendant, plaintiff appeals.   Reversed.

Statement of the case by the justice delivering the opinion.

Plaintiff alleges that he is a citizen of the United States, and the owner of, and entitled to the possession of, and was in the possession of, a certain placer claim, until his possession was interfered with by the defendant, as hereinafter stated. Then follows a description of the placer claim situated in the Union mining district, Madison county, Montana.   He alleges that while he was the owner and in the possession of the aforesaid placer mining claim, in June, 1893, and without his knowledge or consent, the defendant wrongfully and without right entered upon the premises, and extracted gold therefrom, to plaintiff's damage; that thereafter again defendant entered upon the property, and took gold therefrom, and threatens to continue said trespasses; and that, if they are continued, great damage will result to the property, and that actions at law will not protect the plaintiff's rights without a multiplicity of suits, and that defendant is wholly insolvent, and unable to respond in damages.

*D*

For a further cause of action plaintiff averred that about the year 1893 the defendant claims to have located as a placer claim a portion of the premises described in the complaint, and has filed a pretended notice of location thereof with the county clerk of Madison county, and is asserting title and right of possession to a portion of the ground involved by virtue of said pretended location and notice of location hereinbefore mentioned; but that defendant's said claim is without right, but that the same, while upon the records of Madison county, casts a cloud upon plaintiff's title and right of possession.

The prayer is for damages sustained, and a perpetual injunction enjoining defendant from working, or otherwise trespassing upon the said mining claim, or asserting any right or title thereto, and for a decree adjudging defendant's pretended claim void, and for further relief.

The defendant denied the ownership and right of possession of the premises described in the plaintiff's complaint, denied his entry upon the premises as alleged, and denied all damage. In answer to the second cause of action the defendant admitted that in 1893 he located a placer claim, and a portion of the premises in controversy, and filed his declaratory statement and notice with the county clerk of Madison county, but denied that such action was without right, or that it cast a cloud upon plaintiff's title. For further defense defendant averred that the plaintiff, McKay, and his predecessors in interest, have no right, title or interest in the placer mining claim attempted to be described in the complaint, because at the time of their attempted location thereof the same was not public domain of the United States, and had been already appropriated; that about June, 1876, one Sholes discovered placer within the limits of the ground, and proceeded to locate a placer claim, and did locate one, and marked the boundaries thereof by posting monuments set at the different corners of the claim, so that the same could be readily traced, and posted the notice containing the date of location, name of the locators, name of the claim, and such a description thereof with reference to

natural objects as that its boundaries could be readily ascertained; and that in June, 1876, said Sholes and his associates entered into possession of said placer mining claim, and proceeded to mine the same, and were the owners and in possession thereof at the time of the pretended location by said plaintiff and his predecessor in interest, Abe ——. Defendant then averred that plaintiff had abandoned the claim a long time prior to the commencement of this suit, and had failed to perform the annual work necessary to be performed from the year 1877 up to and including the year 1894. For further defense defendant set up a location by himself made July 22, 1893, of a placer claim known as the "Humbug Claim," pleading a specific description of said Humbug placer claim, and averring that he filed an amended notice thereof for the purpose of correcting errors in the original notice, and that ever since July 22, 1893, except when interfered with by the injunction of the district court, he was the owner of, in the possession of, and entitled to the possession of, said placer mining claim, and was in the actual possession thereof, and mining the same, when the injunction in this suit was served upon him. Defendant then averred that the plaintiff in May, 1894, and at other times, wrongfully entered upon said placer location of defendant, and extracted placer gold therefrom, and that he has been damaged by the trespasses of the plaintiff in the sum of $2,000. He prayed for damages, and a decree that he be declared the owner and entitled to the possession of said ground and for an injunction.

The plaintiff, by replication, denied the allegations of the defendant in relation to the location or appropriation of the property by defendant or his predecessors, and averred that, if there was any such location, there was an abandonment of the same immediately thereafter, and that in 1877, the land was public domain when appropriated by plaintiff and his predecessors. Plaintiff denied all averments of abandonment and any entry without authority.

The cause came on for trial. When the plaintiff offered evidence under the causes of action set forth in his complaint,

the defendant objected, and the objection was sustained, whereupon the plaintiff's complaint was dismissed, and judgment entered in favor of defendant for costs. The plaintiff having elected to stand upon his complaint, he appeals from the judgment entered against him.

*Smith & Word* and *J. E. Calloway*, for Appellant.

*W. A. Clark*, for Respondent.

HUNT, J.—The plaintiff has set forth in his complaint that he is now, and has been for some time, the owner of, and entitled to the possession of, and in the possession of, until interfered with by the defendant, a certain piece of placer mining ground, more fully described in the complaint. He then sets forth that the defendant claims the property by virtue of a pretended placer location, but that such location is without right, and casts a cloud upon plaintiff's title. The suit is brought for damages for trespass, and by separate statement to quiet plaintiff's title, and for further relief. The defendant denied the ownership and possession and right of possession of plaintiff, and pleaded a title to the premises under the location of the same as the Humbug claim, and possession for a long time back.

The replication denied the new matter in the answer. The district court held that the plaintiff's complaint was fatally defective. The only question before us now, therefore, is that of the sufficiency of plaintiff's pleading. Does it state a cause of action? We think it does.

The allegations of the first part of the complaint state a cause of action in the nature of trespass to try title. The essential principles of pleading and forms of procedure governing this action are like those in actions in ejectment. (Sedg. & W. Tr. Title Land, § 92; Greenleaf on Evidence, § 303.)

If, therefore, the complaint under investigation was in its essential averments good in ejectment, it should be held sufficient in this action, unless in suits involving title to placer mining premises different rules of pleading control.

The respondent cannot seriously controvert the sufficiency of the complaint herein under ordinary rules applicable to ejectment suits. It avers ownership, right of possession, and the fact of possession of the placer ground, an entry by defendant without consent of plaintiff, his mining thereon, and threat to continue to mine, and damages done by reason of the defendant's acts. This was more than enough, under the decision in *Payne* v. *Treadwell,* 16 Cal. 221, where Judge Field reviewed the earlier decisions of that state, and distinctly overruled those cases which recognized that some of the technical averments peculiar to the old form of ejectment were still necessary under the codes. It was said in that case as follows :

"Now, what facts must be proved to recover in ejectment? These only : That the plaintiff is seised of the premisess or some estate therein in fee, or for life, or for years, and that defendant was in their possession at the commencement of the action. The seisin is the fact to be alleged. It is a pleadable and issuable fact, to be established by conveyances from a paramount source of title, or by evidence of prior possession. It is the ultimate fact upon which the claim to recover depends, and it is facts of this character which must be alleged, and not the prior or probative facts which go to establish them. It is the ultimate facts,—which could not be struck out of a pleading without leaving it insufficient,—and not the evidence of those facts, which must be stated. It is sufficient, therefore, in a complaint in ejectment, for the plaintiff to aver, in respect to his title, that he is seised of the premises, or of some estate therein in fee or for life, or for years, according to the fact. The right to the possession follows as a conclusion of law from the seisin, and need not be alleged."

This form of pleading has been expressly approved by this court in *McCauley* v. *Gilmer,* 2 Mont. 202, and in the opinion on a rehearing in *Davis* v. *Clark,* Id. 394, which was an action to try title and recover possession of a quartz lode claim, wherein it was held that in actions of ejectment it is sufficient for the plaintiff to aver that he is seised of the premises, or

some estate therein; and the right of possession follows as a legal conclusion from the seisin.    See, also, *Mauldin* v. *Ball*, 5 Mont. 96, 1 Pac. 409; *Billings* v. *Sanderson*, 8 Mont. 201, 19 Pac. 307; *Bank* v. *Roberts*, 9 Mont. 328, 23 Pac. 718; where *Payne* v. *Treadwell, supra,* is cited with approval.

But it has been thought by many members of the profession that in suits to try the title to mining property, as well as in those to determine the right of possession of such property by adverse claim, to state a cause of action it is necessary for the plaintiff to do much more than in ordinary suits to try title, and to allege that he had located the claim according to law, marked the boundaries, made discovery, made notice of location under oath, and recorded the same.    Relying on the accuracy of this proposition, the respondent's counsel herein bases his argument; and we presume it was upon a like view that the district court founded its order dismissing the plaintiff's com plaint.

Doubtless this embarrassment as to forms of pleading has arisen largely because of the opinion of the court by Judge Liddell in the case of *Ducie* v. *Ford*, 8 Mont. 233, 19 Pac. 414.    That was a suit to enforce specific performance of a verbal agreement, under which plaintiffs contendea that defendant had agreed to deed to plaintiffs a certain interest in a mining claim, upon defendant's obtaining patent therefor from the United States, in consideration of plaintiffs abstaining from filing an adverse claim to defendant's application for patent. Part performance was alleged.    A demurrer to the complaint was sustained upon two grounds; that the contract was void under the statute of frauds, and that the plaintiffs had not alleged "every fact which it was necessary for them to prove in order to have succeeded in their adverse claim had they filed one.''    In discussing the latter ground of demurrer, Judge Liddell said :

''It is not enough for the complaint to allege that the mining laws had been complied with, for such an averment is merely a legal conclusion; and so, also; is the allegation of the right of possession and ownership of the claim in dispute.

(*Meyendorf* v. *Frohner*, 3 Mont. 323; *Payne* v. *Treadwell*, 16 Cal. 221.) It is for the court to say, from the facts stated and proven, whether or not the law has been complied with to that extent which would have entitled the complainants to the patent. In other words, it was not only necessary for the complaint to show that the plaintiffs made the discovery and location, marked the boundaries of the mine, filed their notice and declaratory statement, with proper description with reference to some natural object or permanent monument, and that they were in possession as owners from the time of discovery; but it was indispensable and material for them also to set forth in their complaint that they were either citizens of the United States, or had filed their intention or declaration of becoming so; and that up to the time of the application of the defendant for a patent for the Olin claim they had complied with the law, which required them to expend a hundred dollars a year in improving the mine. * * * When, therefore, the complainants failed to make the allegations of their capacity to take title, and of having done the necessary amount of work each year to represent the mine, along with the other facts stated in the complaint, they failed to set forth a cause of action. The omissions were fatal to their suit. Indeed, it is impossible to tell from the complaint whether the plaintiffs have the requisite capacity to accept a title to the mine, even if decreed them by the court. To decide the case without this allegation, which we cannot supply, would be doing a vain and useless thing."

To a great extent, since that decision, pleadings in actions in the nature of ejectment to try title to mining claims have been incumbered with allegations conforming to the several matters held essential to be pleaded in that opinion. Yet, if the principle is correct that seisin and possession are the ultimate facts to be alleged, and it is not necessary to aver the prior or probative facts which go to establish them in order to state the facts which constitute the cause of action "in ordinary and concise language" as pertaining to real property generally, why should a different rule govern in actions to try the title to mining property?

We are not dealing with questions of proof on the trial, but are confining ourselves solely to those of pleading. When it comes to establishing the fact of ownership, if at issue, then plaintiff must support his pleading by claim from a paramount source of title, or by evidence of compliance with the mining laws of the United States and of the state. But in *Ducie* v. *Ford, supra,* the court evidently overlooked the distinction between issuable facts necessary to be alleged and those that are probative, but which need not be alleged. This is also made apparent by the particular language of the sentence supported by reference to *Payne* v. *Treadwell, supra.* It was said, for instance, upon the authority of *Payne* v. *Treadwell,* that the allegation of the right of possession and ownership of the claim in dispute is merely a legal conclusion, whereas Judge Field's exact language is as follows :

"It seems to us that the substance of a complaint in ejectment under our practice is this : 'A. owns certain real property, or some interest in it. The defendant has obtained possession of it, and withholds the possession from him.' If the defendant's holding rests upon any existing right, he should be compelled to show it affirmatively, in defense. The right of possession accompanies the ownership, and from the allegation of the fact of ownership, which is the allegation of seisin in 'ordinary language'—the right of present possession is presumed as a matter of law."

The allegation of ownership of a claim in dispute is, therefore, not a mere conclusion of law, and the language of the opinion in *Ducie* v. *Ford* must be modified to harmonize with its misapplied authority,—*Payne* v. *Treadwell, supra,*—and to our views herein. We observe, also, that while Chief Justice McConnell concurred in the decision of *Ducie* v. *Ford,* he limited his agreement to the single ground of the statute of frauds, thus expressing no opinion upon the question of pleading.

The error into which the court fell in extending the rule of pleading in *Ducie* v. *Ford* arose, evidently, from the earlier discussions of this court, of what constitutes the right of pos-

session of a mining claim.   We recognize that such right of possession comes only from a valid location, and that, if there is no location, there can be no possession under it.   Nor do we lose .sight of the rule laid down in *Belk* v. *Meagher*, 104 U. S. 284, that location does not necessarily follow from possession, but possession from location, and that a location is not made by taking possession alone, but "by working on the ground, recording, and doing whatever else is required for that purpose by the acts of congress and the local rules and regulations." But in pleading in actions of the nature of this it is not necessary to allege all those matters which are evidentiary, and go to sustain the possessory title or ownership. It may be that the reasoning of Judge Liddell's opinion was based upon the attempt to deraign title, and upon a failure to do so in a sufficient manner; but, whether or not the discussion proceeded on that theory, the case has been generally applied in all suits to try the title to mining property.

The later decisions of California have followed *Payne* v. *Treadwell, supra,* and it has been consistently held for many years that in actions to quiet title to mining claims and for injunctions, ownership is the ultimate fact, and, as a general rule, it is sufficient to allege that in terms.   See *Souter* v. *Maguire,* 78 Cal. 543, 21 Pac. 183, and cases cited; *Johnson* v. *Vance,* 86 Cal. 128, 24 Pac. 868.

It was also decided in *Campbell* v. *Rankin,* 99 U. S. 261, that in an action of trespass *quare clausum fregit* actual possession of the land by the plaintiff is sufficient evidence of the title to authorize a recovery against a mere trespasser.   It is well now to notice our own decisions cited by respondent as bearing upon the question.

In *McKinstry* v. *Clark,* 4 Mont. 390, 1 Pac. 759, plaintiff brought ejectment to recover possession of a mining claim. We have examined the original transcript, and find that the complaint simply averred that plaintiff "was the owner of and seised of an estate in fee as against all persons but the government of the United States, and possessed and entitled to the possession of the real property hereinafter set forth, and that,

while plaintiff was so the owner, and so seised, defendants entered,'' etc.

*Noyes* v. *Black*, 4 Mont. 527, 2 Pac. 769, was an action to quiet title to the premises described in the plaintiffs' complaint. The court considered the attitude of one claiming by actual possession against a valid location. It was decided that the plaintiffs by virtue of possession alone could not hold mining ground as against a valid location of the same ground, and, after laying this rule down, the court proceeded to sustain the doctrine of *Belk* v. *Meagher*, heretofore cited. But, although the court in *Noyes* v. *Black* said the plaintiffs must prove they made a valid location by taking possession and by working on the ground, recording, and doing whatever else was required for that purpose by the acts of congress and local rules and regulations, it did not say that such matters of proof, or any of them, must be specifically alleged in the plaintiffs' complaint.

We have taken the pains to examine the original transcript in the case of *Noyes* v. *Black*, and find that that complaint likewise simply alleged that the plaintiffs, as tenants in common, were the owners of, in actual possession of, and entitled to the possession of, a piece of placer ground described in the complaint, and that the defendants claimed an estate in the said ground adverse to the plaintiffs', but that said adverse claim of the defendants was based upon a pretended location of a lode claim called the ''Welcome Stranger Lode.'' Then followed averments to the effect that the adverse claim of defendants was without right, and fraudulent, and that in consequence of said claim plaintiffs' placer ground was much depreciated in value. It will be seen at once that there is great similarity between the pleading in that case and the one in the case at bar. But the court there seemed to consider the location of defendants as a valid one, although the complaint averred that it was pretended. This assumption by the court must have been warranted by the developments on the trial of that case, for, where the plaintiff alleges ownership and possession until ousted by the defendant, and alleges that the

defendant claims by virtue of a pretended location of the property, it cannot be assumed on the pleadings that the case is one of actual possession against a valid location.

*Tibbits* v. *Ah Tong*, 4 Mont. 536, 2 Pac. 759, also discussed the right to occupy the mineral lands of the United States, but did not say to what extent the allegations of a pleading to try the title must go.

In *Hopkins* v. *Noyes*, 4 Mont. 550, 2 Pac. 280, which was a suit growing out of a conflict between a placer and quartz location, where plaintiff sued to have determined the right of possession of ground in dispute, the court merely reiterated its previously expressed views upon what possession is necessary to give vitality to a title within a mining district, and said that such title must be in pursuance of the law and local rules and regulations, and must be properly supported. "Possessory titles," said Wade, C. J., "do not live upon possession alone. They must be supported by proof of a compliance with the law that gives the right to and sustains the possessions." But it was not decided that, in order to permit such proof of a compliance with the law, the complaint must contain allegations of the facts upon which such possessory title is based.

In *Garfield M. & M. Co.* v. *Hammer*, 6 Mont. 54, 8 Pac. 153, which was an action to quiet title, the court said that, where respondent's claim of ownership and right of possession were put in issue by answer, it devolved upon the respondent plaintiff to show affirmatively on the trial that it had a valid location of a mining claim by complying with all the requirements of the acts of congress and the local rules and regulations relative to mining claims. The sufficiency of the pleading was not discussed.

*Renshaw* v. *Switzer*, 6 Mont. 464, 13 Pac. 127, was an action in the nature of ejectment to recover possession of a lode mining claim. The court decided that it was enough for the claimant to show a valid location, and that the plaintiff need not show that his claim had been represented, but that his title was good after showing a valid location, and he was entitled to the possession of the claim unless the appellant defeated such

title, which he might have done if he had alleged and could have proved a forfeiture by showing that the necessary work to represent the claim had not been done.    We have examined the original complaint in this case also, and it does not sustain the contention of respondent's counsel herein to the effect that, if it is necessary to show a valid location in order to show a possessory title and ownership, it is necessary to allege the prior facts upon which such valid location may be predicated. The complaint in *Renshaw* v. *Switzer* simply alleged that plaintiffs were, and for a long time prior to the commencement of the suit had been, the owners and entitled to the possession of the mining claim described in the complaint; that while they were the owners defendants took possession, and ousted them, and still held possession, to the plaintiff's damage, etc.

*Mattingly* v. *Lewisohn*, 8 Mont. 259, 19 Pac. 310, was a statutory action brought under section 2326 of the Revised Statutes of the United States.    It was decided that in an action brought under the Revised Statutes authorizing steps to be taken by an applicant for a patent for mineral lands, and by an adverse claimant who resists such application, it was indispensable for the plaintiff to file his claim within the 60 days allowed by law, or he would have no standing as an adverse claimant in the land office; and that, if he failed to institute suit within 30 days allowed by law, he had no standing in court to contest the claim of another to a patent for mineral land; and that, inasmuch as the fact of the filing of the adverse claim and the institution of the suit within the time limited by law must be conclusively established by proof to enable the adverse claimant to recover, it was necessary to allege these facts, and that a complaint without such allegations was insufficient.    As applied to actions of the class to which *Mattingly* v. *Lewisohn* belongs, we believe that to be correct in order that it may appear that the court had jurisdiction to proceed with the case; but such averments of fact have nothing directly to do with the title or right of possession to the property involved, and are not probative facts of the ownership of the plaintiff. Therefore, whatever was said in that opinion by Judge De

Wolfe for the court has no bearing upon the question immediately in hand.

*Milligan* v. *Savery,* 6 Mont. 129, 9 Pac. 894, simply decided that in an action brought under section 2326 of the Revised Statutes of the United States, to determine the right of possession of a mining claim, plaintiff must allege possession in himself, or a valid representation, which is possession; and an ouster by the defendant, if plaintiff is not in possession, must always be shown, and to that end must be averred.

We find, therefore, that in so far as any of the foregoing cases do bear upon the case at bar, with the exception of *Ducie* v. *Ford,* they not only do not conflict with *Payne* v. *Treadwell,* and the other California decisions since *Payne* v. *Treadwell,* in respect to pleading, but that the original complaints therein substantially followed that case, and that the prolix rule laid down in *Ducie* v. *Ford* was never before actually observed by the profession in the cases brought before this court. We conclude this discussion by affirming the California doctrine, believing it to be in accord with the principle which should control the form of pleadings under the Codes, and hold that the ultimate facts alone need be pleaded. (Pom. Code Rem. § 107).

The defendant makes a point on the alleged insufficiency of the description of the placer claim involved. But, without setting forth in full the description given, we do not think it was so indefinite as to render the complaint fatally bad, or void for uncertainty, upon a motion of the character interposed by defendant.

In the second cause of action set up by the plaintiff,—which was for the purpose of quieting title and for an injunction,—the plaintiff, by reference merely, made the averments of ownership pleaded in the first cause of action and the description of the premises part of the second cause of action. Inasmuch as the cause must be remanded to the district court, we advise the plaintiff to follow the general rule that each separate division or count of the complaint must be complete in itself, and that the pleader, by merely referring to material facts

properly set forth in a former count, cannot incorporate them into and make them part of a subsequent one. (Pom. Code Rem. § 575). This rule should not be extended to the inclusion of a description of the property itself, nor to a point requiring exhibits to be repeated, but it should be held to embrace those material and issuable facts of ownership which constitute the plaintiff's action.

The judgment of the district court is therefore reversed, and the cause is remanded, with directions to overrule the objection of the defendant, which was sustained by the district court, and to permit plaintiff's complaint to stand, granting him permission to amend his pleadings so as to conform to the views herein expressed.

*Reversed and Remanded.*

PEMBERTON, C. J., and BUCK, J., concur.