HOPKINS ET AL., APPELLANTS, *v.* BUTTE COPPER COMPANY, RESPONDENT.

(No. 1,773.)

(Submitted January 16, 1904. Decided January 23, 1904.)

*Mines—Adverse Claims — Actions—Commencement—Allegation—Pleading—Dismissal — Demurrer—File Marks—Evidence—Jurisdiction.*

1.  In order to state a cause of action in an adverse suit under Section 2326, U. S. Revised Statutes, the complaint must allege that the adverse claim

has been filed, within the time allowed, in the proper land office, and that the action has been commenced within the thirty days allowed for that purpose.

2.  Failure of a complaint, in an adverse suit under Section 2326, U. S. Revised Statutes, to allege that the suit was commenced within the thirty days allowed for that purpose, is not a jurisdictional defect, but renders the pleading open to general demurrer.

3.  Since the state courts derive their powers from the state constitution and statutes, the federal government can neither increase nor diminish their powers to entertain and determine controversies between citizens of the state.

4.  In an action to determine an adverse claim to a mining location, the file mark on the complaint, not being a part of the pleading, was not conclusive evidence of the date it was filed for the purpose of showing that it was not filed within thirty days from the filing of the adverse claim, as required by Revised Statutes U. S. Section 2326.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by John Hopkins and another against the Butte Copper Company. From a judgment in favor of defendant, plaintiffs appeal.  Reversed.

*Messrs. Forbis & Mattison,* and *Mr. M. J. Cavanaugh,* for Appellants.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On October 11, 1900, the defendant, claiming to be the owner of the Powhatan quartz lode mining claim, instituted proceedings for patent therefor in the United States land office at Helena.  The plaintiffs, having filed in that office their adverse claim to a portion of the ground covered by the Powhatan location under a location called the "Copper Blossom," brought this action in pursuance of Section 2326 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 1430) to have determined the right of possession to the portion of the ground in conoflict.

The original complaint, besides the necessary averments as to right of possession in plaintiffs, alleged that the adverse claim had been filed and allowed within sixty days after the first publication of the notice, and that the action had been com-

menced within thirty days after the stay granted thereunder. The clerk's filing mark upon the complaint indicated that it had been filed on the thirty-first day after stay granted. The defendant's answer put in issue all the allegations of the complaint, and then, after setting forth affirmatively the nature of its claim, demanded judgment that it be declared entitled to the possession of the ground in conflict. Upon these affirmative allegations there was issue by replication. The issues were made up on February 12, 1901. On November 13, 1901, the defendant moved the court to dismiss the action on the ground that it had been brought to determine an adverse claim to a patent, and that, it appearing that it had not been commenced within thirty days after the filing of the adverse claim in the land office, the court had no jurisdiction to proceed to determine it. While this motion was pending, the plaintiffs filed an amended complaint. This pleading it is not necessary to notice further than to remark that it omitted the allegation that the action had been commenced within thirty days after the filing of the adverse claim. The motion, being then submitted on the original and amended complaints, was sustained, and judgment entered for the defendant. The plaintiffs have appealed. The defendant has made no appearance in this court.

It has long been the rule in this jurisdiction that, in order to state a cause of action in an adverse suit under Section 2326 of the United States Revised Statutes (U. S. Comp. St. 1901, p. 1430), it must be alleged that the adverse claim has been filed within time in the proper land office, and that the action has been commenced within thirty days, allowed for that purpose. The rule was first declared by the territorial supreme court in *Mattingly* v. *Lewisohn*, 8 Mont. 259, 19 Pac. 310. It doubtless grew out of the view early entertained by that court that, though the action assumed the character of ejectment or a suit to quiet title, according as the one or the other form of action was appropriate, the ultimate purpose of it was to determine which of the contestants was entitled to a patent, the final judgment in the case being determinative of this question. (*Wolverton* v. *Nichols*, 5 Mont. 89, 2 Pac. 308; s. c. on error

to the Supreme Court of the United States, 119 U. S. 485, 7
Sup. Ct. 289, 30 L. Ed. 474; *Garfield M. & M. Co.* v. *Ham-
mer,* 6 Mont. 53, 8 Pac. 153; *Milligan* v. *Savery,* 6 Mont. 129,
9 Pac. 894.) Whatever be its origin, it has been more than
once recognized by this court since the decision in *Mattingly* v.
*Lewisohn, supra,* as the correct rule. (*McKay* v. *McDougal,*
19 Mont. 488, 48 Pac. 988; *Murray* v. *Polglase,* 23 Mont. 401,
59 Pac. 439.) In *McKay* v. *McDougal,* after reference to the
rule as stated in *Mattingly* v. *Lewisohn, supra,* is was said:
"As applied to actions of the class to which *Mattingly* v. *Lew-
isohn* belongs, we believe that to be correct, in order that it may
appear that the court had jurisdiction to proceed with the case;
but such averments of fact have nothing directly to do with the
title or right of possession to the property involved, and are not
probative facts of the ownership of the plaintiff." The use of
the word "jurisdiction" in this passage is unfortunate, in that
it implies that the jurisdiction in the state courts to try adverse
suits is derived from the United States statute. This is not
true, because the federal government can neither increase nor
diminish the power of state courts to entertain and determine
controversies between citizens of the state. These courts de-
rive their powers from the constitution and statutes enacted in
pursuance thereof, and administer them without reference to
the duty cast upon the adverse claimant under the federal
statute. They may entertain suits under the state statute (Code
of Civil Procedure, Sec. 1310) to determine adverse claims,
without regard to the fact that proceedings for patent are pend-
ing in favor of one of the parties. In the class of actions
brought under this section no question touching the right of
either of the parties to a patent from the United States govern-
ment is involved, and it is only necessary for the complaint to
contain the necessary allegations of title and right of possession
in the plaintiff and ouster by the defendant, or the assertion of
some claim adverse to the plaintiff. Nevertheless, state courts
may, as they have heretofore done, recognize the fact that in the
class of cases involving the right to patent from the United
States government the judgments rendered will not be effective

unless the action is commenced and prosecuted after the necessary steps have been taken by the plaintiff, and within the limitations provided by the federal statute; for, as was said of the rule in *Murray* v. *Polglase, supra,* "It prevents conflict of action between the state court and the officers of the land department, and enables the court to know whether its judgment thus sought, often through tedious and expensive litigation, will, in the end, be effective for any purpose." In accordance with this idea, doubtless, the legislature enacted Section 1322 of the Code of Civil Procedure, which declares: "In an action brought to determine the respective rights of claimants to the possession of a mining claim or quartz lode, under the provisions of the Acts of congress of the United States, it is immaterial which party is in possession, and it is sufficient to confer jurisdiction upon the court, if it appears from the pleadings that the application for a patent has been made and an adverse claim thereto filed and allowed in the proper land office; and the verdict or decision must find which party is entitled to the possession of the premises in dispute." This provision clearly implies that in this class of cases it is useless for the court to proceed to judgment, unless it appears that an application for patent has been made, and that an adverse claim has been filed and allowed in the proper land office. It does not, however, change the rule established by the cases cited, but leaves it undisturbed as to the allegation under consideration here. Its presence in the pleading is necessary to state a cause of action, but it is not a jurisdictional fact. Its presence leaves the pleading open to general demurrer, and this is the proper method of attack. It was error, therefore, for the court to sustain the motion on the ground it did.

The filing mark upon a complaint is not part of the pleading, and the court could not look to it, as it evidently did, in considering the motion, as conclusive evidence that the plaintiffs' action was without merit. At best, the filing mark is only *prima facie* evidence of the actual filing; for a paper is actually filed when it is deposited with the clerk in his office for that purpose, accompanied by the filing fee. The date of the filing

may become an issuable fact, like any other, which must be alleged in order to state a cause of action. It would seem to be a more logical rule to require the failure to bring the action within the statutory limitation to be set up as a matter of defense, but the rule as stated has been so long observed in this jurisdiction that we do not now feel justified in changing it.

The judgment is reversed, and the cause is remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

<div style="text-align:right">

| 29 | 395 |
| 30 | 191 |

(Submitted January 16, 1904.   Decided January 23, 1904.)