THORNTON ET AL., RESPONDENTS, *v.* KAUFMAN, APPELLANT.

(No. 2,345.)

(Submitted January 12, 1907. Decided February 14, 1907.)

(88 Pac. 796.)

*Mines—Adverse Claims—Complaint—Sufficiency—Review.*

Mines—Adverse Claims—Complaint—Sufficiency.
1. The complaint in a suit to determine an adverse claim to mining ground, under section 2326 of the United States Revised Statutes, must, in order to state a cause of action, allege, among other things, that the adverse claim was filed in the proper land office within the sixty days allowed by the statute after the filing of application for patent.

Same.

    2. Where it can be ascertained from the face of the record in an adverse suit to a mining claim, that action was brought within thirty days after the filing of the adverse claim in the proper land office, the judgment will not be reversed even though the complaint failed to allege this fact in terms.

Same—Complaint—Defective Allegations—Cannot be Aided by Reply.

    3. A complaint in an adverse suit to determine which one of two claimants is entitled to patent to a mining claim, defective in that it omitted to allege that adverse claim had been filed in the land office within sixty days after application for patent, could not be aided by allegations in a reply.

Complaint—Sufficiency—Review.

    4. The question of the sufficiency of a complaint to support the judgment may be raised at any time during the progress of the case.

*Appeal from District Court, Silver Bow County; George M. Bourquin, Judge.*

ACTION by W. D. Thornton and others against Louis Kaufman. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

*Mr. E. B. Howell* and *Mr. John J. McHatton,* for Appellant.

*Mr. Chas. Mattison* and *Mr. M. J. Cavanaugh,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to determine an adverse claim in patent proceedings under section 2326 of the Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 1430) ; the plaintiffs claiming under a lode location named the "Vigilant," and the defendant under a lode location named the "Little Spring." The district court found for the plaintiffs. The defendant has appealed from the judgment. He relies upon several alleged errors, the principal one of which is that the complaint does not state facts to constitute a cause of action, in that it is not alleged therein that the adverse claim was filed in the proper land office within the sixty days allowed by the stat-

ute, or that the action was brought within the thirty days after the filing of the adverse claim.

In the case of *Mattingly* v. *Lewisohn*, 8 Mont. 259, 19 Pac. 310, decided by the territorial supreme court in 1888, it was first declared in this jurisdiction that the allegations referred to are substantial facts, which must be alleged by the plaintiff in order to warrant a recovery. The theory entertained by that court was that, whether the action assumed the form of a suit in ejectment or to quiet title, the purpose was to determine which of the claimants was entitled to a patent, and, in order to make the judgment effective, it must be based upon a complaint the allegations of which would show facts justifying the entertainment of the action and the rendition of the particular judgment or decree. This rule, it was also thought, would promote harmony of action between the local courts and the officers of the United States Land Department. (*Hopkins* v. *Butte Copper Co.*, 29 Mont. 390, 74 Pac. 1081, and cases cited.) The rule thus established has been uniformly approved and followed by this court, as is shown by the following cases: *McKay* v. *McDougal*, 19 Mont. 488, 48 Pac. 988; *Murray* v. *Polglase*, 23 Mont. 401, 59 Pac. 439; *Hopkins* v. *Butte Copper Co.*, *supra*.

So well recognized was the rule that, upon the adoption of the Code of Civil Procedure in 1895, the legislature recognized the distinction between ordinary actions to determine adverse claims, authorized by section 1310 of the Code of Civil Procedure, which had theretofore been in force in this jurisdiction, and adverse claims to determine the right of the contestants to a patent, by the adoption of section 1322 of the same Code, which applies especially to adverse claims in patent proceedings, and seems to contemplate a special action, equitable in its nature. This section, however, has not changed the rule of pleading established by the cases referred to (*Hopkins* v. *Butte Copper Co.*, *supra*), and the fact of the filing of the claim in the land office within the prescribed time and the bringing of the action within the prescribed limitation must be alleged, or the complaint will not support the judgment.

We are aware of the fact that in other jurisdictions, as Colorado and Arizona, a different rule prevails; yet we do not feel inclined at this late day to overturn the established practice by overruling the cases decided by our own court.

In *Murray* v. *Polglase, supra,* it is said: "Doubtless, if the complaint contained allegations sufficient in other respects, the court would judicially know whether the suit were brought within thirty days after the filing of the adverse claim; but, in any event, the fact must appear from the face of the record." In this case it does appear that the suit was brought within thirty days after the filing of the adverse claim in the land office, and, if this were the only defect found in the complaint, we should not feel disposed to reverse the judgment on that account. But the complaint fails entirely to state that the adverse claim was filed in the land office within the time, and that the patent proceedings were stayed pending the determination of the adverse suit. Under the rule of the cases cited, it must, therefore, be held to be insufficient.

Counsel for respondents contend, however, that the decision and judgment of the court cures the defects in the complaint, and that the judgment ought to be allowed to stand, especially so since the replication contains both the allegations lacking in the complaint. The reply to this is that under the rules of pleading the replication is responsive to the new matter or counterclaim alleged in the answer, and, while its allegations may in a particular instance aid the answer, they may not in any case aid the complaint. This was the rule at the common law, as it is also under the Code. (Bliss on Code Pleading, sec. 437; *Potts* v. *Hartman,* 101 Ind. 359; *McMahill* v. *Jenkins,* 69 Mo. App. 279; *Brown* v. *Colie,* 1 E. D. Smith (N. Y.), 265; *Webb* v. *Bidwell,* 15 Minn. 479 (Gil. 394); *Durbin* v. *Fisk,* 16 Ohio St. 533; *Lillienthal* v. *Hotaling Co.,* 15 Or. 371, 15 Pac. 630.)

The complaint not being aided by the reply, the omission to state therein facts essential to make out a cause of action is not cured by the decision and judgment, and the question of its sufficiency may be presented at any time during the progress of the case. (Code Civ. Proc., sec. 685.)

Since this conclusion requires a reversal of the judgment, it is not necessary to notice the other assignments of error.

The judgment is reversed, and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.

Rehearing denied March 21, 1907.