(No. 5287.  February 12, 1930.)

DAVID LITTLE, F. E. BROOKS, R. M. BROOKS, M. J. LITTLE, A. M. REAMS, CLYDE URIE, ETHEL URIE and E. MESERVE, Appellants, v. WILLIAM ROY MORRIS and CHARITY MORRIS, Respondents.

[284 Pac. 1029.]

James R. Bothwell and W. Orr Chapman, for Appellants.

B. F. Neal and Sweeley & Sweeley, for Respondents.

LEE, J.—Suit brought by plaintiffs, David Little and others, to contest the right of defendants, William and Charity. Morris, to a patent to certain mining claims.

Defendants had applied for patent, the first publication of notice of their application having been made August 18, 1927. Plaintiffs filed their adverse claim with the register of the land office in Blackfoot, Oct. 11, 1927. The claim was rejected October 12th, and plaintiffs given thirty days in which to amend.

The amended adverse was filed by plaintiffs November 10, 1927, and action based thereon begun December 9, 1927.

To plaintiffs' amended complaint, defendants demurred, generally and specially, challenging in particular the court's jurisdiction of the subject matter and plaintiffs' waiver of their right to sue under sec. 2326, U. S. R. S. The demurrer was sustained without leave to amend; and the action dismissed upon the ground "that the failure to state a cause of action is due to a lack of sufficient facts rather than of insufficient form." From the judgment of dismissal, plaintiffs have appealed, charging that the court erred in sustaining the demurrer, and dismissing their amended complaint without further leave to amend.

They hinge their contention mainly upon the proposition that the action of the land office in granting them time to amend, and in accepting their amended adverse, operated as a filing as of November 10, 1927, instead of October 11th prior, was a determination wholly within the jurisdiction of the Land Department, and as such binding upon the state court. Section 2326, U. S. R. S., 30 U. S. C. A., sec. 30, provides in part:

"It shall be the duty of the adverse claimant, within thirty days after filing his claim to commence proceedings in a court of competent jurisdiction, to determine the question of the right of possession, and prosecute the same with reasonable diligence to final judgment; and a failure so to do shall be a waiver of his adverse claim."

This language is unequivocal, and, while we do not question the finality of any decision of the department regarding a fact peculiar to its jurisdiction, we have the assurance to avow that even so potent a tribunal is powerless to over-

ride and repeal an act of the national Congress. (3 Lindley on Mines, par. 738.)

It is elementary that an amendment relates back to the filing date of the instrument amended, and that, therefore, the amended claim filed on November 10th was but the tinkering up of the adverse filed on October 11th. Plaintiffs' action begun on December 9th fell under the direct inhibition of the statute. (*Cronin v. Bear Creek M. Co.*, 3 Ida. 614, 32 Pac. 204.) The claim of October 11th had been actually filed. Even, had it been thereafter dismissed or totally rejected, the old filing stood; and the failure to bring the suit within the thirty days thereafter would have been fatal. Going much further than this is *Deniss v. Sinnott*, 35 Land Dec. 304, holding that the rule is the same, "in case the adverse claim is offered for filing and rejected for any reason by the local officer."

Furthermore, plaintiffs failed to institute their action not only within the thirty-day period succeeding the filing of the adverse but also within the maximum period allowed after the first publication of notice, to wit, ninety days, secs. 2325, 2326, U. S. R. S., the former prescribing sixty days for the filing of the adverse claim and the latter thirty days for commencing the action. (*Mattingly v. Lewisohn*, 8 Mont. 259, 19 Pac. 310; *Thornton v. Kaufman*, 35 Mont. 181, 88 Pac. 796.)

Manifestly, the court was without jurisdiction of the subject matter; and, as it was obvious that no curative facts could be plead, the dismissal, of its own motion, was proper. (*Abrams v. White*, 11 Ida. 497, 83 Pac. 602.)

Judgment affirmed. Costs to respondents.

Givens, C. J., and Budge, Varian and McNaughton, JJ., concur.